On August 10, 1976 James Hager filed a claim for compensation under the Alabama Workmen's Compensation Act. A trial was subsequently held on the claim in the Circuit Court of Tuscaloosa County. After the presentation of evidence by both parties a judgment granting compensation was entered by the circuit court on August 19, 1977. From that judgment C.T. Hellums, Sr. (and d/b/a Tuscaloosa Tobacco and Candy Company) seeks review by means of a petition for writ of certiorari.
Hager's original claim against his employer (C.T. Hellums, Sr.) was premised on four theories. The circuit court found that compensation was due under two of those theories. Hellums charges that the court erred in its findings with respect to both theories. Specifically, Hellums contends: (1) that there was no evidence presented to the circuit court which would support its conclusion that Hager suffered an injury in the course of his employment with the Tuscaloosa Tobacco and Candy Company; and (2) that there was no evidence adduced during the trial which would warrant the circuit court's determination that Hager was suffering from an occupational disease.
Our review of the judgment in workmen's compensation cases is limited to an examination of the record in order to determine if there is any legal evidence to support the finding of fact by the trial court and to see if the correct law was applied to such facts. Young v. City of Huntsville, Ala.Civ.App.,342 So.2d 918 (1976); City of Tuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729 (1975). In accordance with this rule we will review the findings and judgment of the lower court, and if either one of the theories upon which the trial court grounds its judgment is supported by fact and law the judgment will not be disturbed.
The first issue for our consideration involves Hellums' assertion that the trial court erroneously found that Hager sustained an injury arising out of and in the line and scope of his employment with the Tuscaloosa Tobacco and Candy Company. The precise nature of Hager's injury was delineated by the trial court as a "twisted back, acute lumbosacral joint strain with accompanying sudden pain, and hypertrophic arthritis."
In the case of Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513 (1948), where the latent arthritis of the claimant flared up as a result of his on-the-job accident, our supreme court held that the claimant's aggravated arthritic condition was a compensable injury under the *Page 723 
Alabama Workmen's Compensation Act. Likewise, the supreme court in Davis v. Standard Oil Company, 261 Ala. 410, 74 So.2d 625
(1954), concluded that arthritis caused by an accidental injury arising out of and in the course of employment must be considered an injury and as such is covered by the provisions of Title 26, section 296, Code of Alabama 1940 (currently found in Title 25, chapter 5, section 80, Code of Alabama 1975). Consequently, if an incident occurring during the performance of claimant's job is deemed to have caused his arthritic condition or aggravated an existing arthritic condition, the trial court may properly hold that the claimant is the victim of an accident and that he is entitled to receive workmen's compensation benefits.
James Hager was employed by C.T. Hellums to sell and deliver tobacco products to various retail outlets in Tuscaloosa County.
At trial Hager testified that in late February of 1976 while unloading his truck, he picked up a box and immediately felt a stinging sensation and then numbness in his back. Within a few minutes the pain subsided and Hager continued to perform his duties for the Tuscaloosa Tobacco and Candy Company. However, a few days later, on March 3, 1976, Hager again experienced pain in his back. Hager saw a doctor on that day and the latter advised him to go home. Hager did not return to work after that date.
The orthopedic surgeon who subsequently treated Hager diagnosed Hager's condition as "acute and chronic lumbosacral joint disease" and osteoarthritis. And when questioned as to his opinion about what caused Hager's condition, the physician replied, "I don't know. It could have been just wearing down; it could have been lifting something heavy. He could have arthritis there and it flared it up."
Based on Hager's testimony concerning the pain he experienced while lifting a box during the course of his employment, we believe that the trial court could have reasonably concluded that Hager's physical disability was caused by an arthritic condition incurred as the result of an injury to his back suffered in an on-the-job accident or was caused by an on-the-job accident which aggravated an existing arthritic condition in his back. Moreover, the statement by the physician who treated Hager after that event provided sufficient evidence that the strain of lifting a box from his truck either caused his back condition or aggravated an existing condition.
In City of Tuscaloosa v. Howard, supra, this court noted that in order for there to be an "accident" within the intent of the Workmen's Compensation Act, the injury suffered by the claimant must be legally caused by the performance of his duties and a causal relationship of a medical nature must exist between claimant's injury and his job. However, the two-pronged test established in City of Tuscaloosa v. Howard must be considered in context with the "any evidence" rule under which we review workmen's compensation cases. In the present case there was evidence to support a determination by the trial court that the twin requirements of City of Tuscaloosa v. Howard had been met. Consequently, the court's judgment in regard to its finding that Hager suffered an accident during the course of his employment which resulted in his disability must be affirmed.
Inasmuch as the judgment of the trial court must be affirmed due to our conclusion that an on-the-job injury caused or aggravated Hager's back condition, we pretermit a discussion of whether Hager was suffering from an occupational disease.
The final issue for our consideration involves a claim by Hager's counsel that he (the attorney) is entitled to recover an attorney's fee for the collection of medical expenses on behalf of Hager.
To begin, we note that the attorney who represented Hager raised the issue of his fees for the first time on appeal. Moreover, the trial court awarded him $1,579.69 for his legal services and the attorney did not bring to the court's attention the fact that he considered this award inadequate, nor did he present to the trial court a request for attorney's fees for collecting *Page 724 
Hager's medical expenses. As the committee comments of Rule 4, Alabama Rules of Appellate Procedure indicate, a party has no right to raise for the first time on appeal new matter not presented to the trial court or upon which the trial court had no opportunity to pass. We perceive no real difference between an appeal and a writ of certiorari insofar as this requirement is concerned. Consequently, matters presented for review on appeal or by writ of certiorari must have been placed before the trial court at some stage of the proceeding there in order for this court to consider them. That was not done in this case; hence we are under no duty to review counsel's claim.
Having determined that the trial court did not err in rendering a judgment for Hager on the basis that an on-the-job accident resulted in his disablement, it is our conclusion that the court's judgment must be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.