On December 19, 1981 Nettie Ruth Dement filed a claim for compensation under the Workmen's Compensation Act. A trial was held on the claim in the Limestone County Circuit Court July 1, 1982. After presentation of the evidence a judgment granting compensation was entered. From this judgment the employer, Martin Industries, Inc., appeals.
The evidence at trial showed that Nettie Ruth Dement was employed from April 8, 1974 until October 21, 1981 as a stove assembler. On this job employee had to lift heavy objects, apply a great deal of physical exertion to operate certain machinery, and stand for long periods of time. The temperature fluctuated greatly in the building in which plaintiff worked and the humidity was very high.
On May 1, 1981 plaintiff struck her right ankle on the corner of an empty pallet. As a result her ankle swelled and turned blue. She reported her injury to her foreman and he told her that if she continued to have problems with her ankle he would send her to the front office to report the injury. Employee continued to work. After her ankle remained swollen and sore for three weeks, she reported her injury to the personnel manager.
In August 1981 plaintiff was hospitalized. She was diagnosed as having rheumatoid arthritis in her right foot and right middle finger. The personnel manager was told about the diagnosis. Sometime later, one of employee's physicians recommended that plaintiff be given a more sedentary job. Plaintiff was dismissed after conveying this message to the personnel manager. At the time of the trial plaintiff was still unemployed.
Depositions of the three doctors who treated plaintiff were admitted into evidence. Although all three doctors stated *Page 87 
that the medical cause of rheumatoid arthritis is unknown, testimony was presented that physical trauma to a joint could aggravate, accelerate, or trigger rheumatoid arthritis. Furthermore, the doctors testified that lifting heavy objects, standing for long periods of time, and bending or stooping can have an aggravating or accelerating effect on the symptoms of rheumatoid arthritis.
Employee alleged in her complaint that the injury to her ankle caused her to have arthritis and that this injury arose from an "accident" as defined by the act. The court held that plaintiff's "accident is consistent with an injury that could trigger rheumatoid arthritis." The court determined that plaintiff is entitled to a sixty percent permanent partial disability award of $25,218 and medical expenses of $1,651.31.
This court's review of the judgment in workmen's compensation cases is limited to determining if there is any legal evidence to support the trial court's finding of fact and if the correct law was applied to such facts. Young v. City of Huntsville,342 So.2d 918 (Ala.Civ.App. 1976), cert. denied, 342 So.2d 924
(Ala. 1977). Thus we can consider neither the weight of the evidence nor the propriety of the trial court's finding of fact. Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109
(Ala.Civ.App. 1982).
The employer's first argument is that plaintiff failed to show that her rheumatoid arthritic condition was an "accident" within the meaning of the Workmen's Compensation Act.
Accident is defined in the act as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body . . . ." § 25-5-1 (8), Code 1975. The Alabama Supreme Court concluded in Pow v. SouthernConstruction Co., 235 Ala. 580, 180 So. 288 (1938) that if the job caused the injury it was an accident within the intent of the act. See Kane v. South Central Bell Telephone Co.,368 So.2d 3 (Ala. 1979).
This court in Hellums v. Hager, 360 So.2d 721 (Ala.Civ.App. 1978), held that:
 "[A]rthritis caused by an accidental injury arising out of and in the course of employment must be considered an injury. . . . Consequently, if an incident occurring during the performance of claimant's job is deemed to have caused his arthritic condition or aggravated an existing arthritic condition, the trial court may properly hold that the claimant is the victim of an accident and that he is entitled to receive workmen's compensation benefits."
Hellums v. Hager, supra.
Furthermore we stated that:
 "In City of Tuscaloosa v. Howard, [55 Ala. App. 701, 318 So.2d 729 (Ala.Civ.App. 1975)], this court noted that in order for there to be an `accident' within the intent of the Workmen's Compensation Act, the injury suffered by the claimant must be legally caused by the performance of his duties and a causal relationship of a medical nature must exist between claimant's injury and his job. However, the two-pronged test established in City of Tuscaloosa v. Howard must be considered in context with the `any evidence' rule under which we review workmen's compensation cases."
Hellums v. Hager, supra.
In the present case, as in Hellums, there is evidence to support a determination by the trial court that the two-prong test of City of Tuscaloosa v. Howard had been met. The court's judgment that plaintiff, during the course of her employment, suffered an accident which resulted in a disability must be affirmed.
Employer also argues that the trial court's findings of fact are in error. Defendant cites factual errors the court made in its decree. We note, however, that the factual mistakes made do not mandate vacation of the trial court's decree. Mobile PaintManufacturing Co. v. Crowley, 56 Ala. App. 673, 325 So.2d 182
(Ala.Civ.App. 1975). *Page 88 
Although not raised on appeal by either party, we note that the trial court stated in the decree that plaintiff sustained a permanent-partial disability of sixty percent to the body as a whole. No specific mention was made in the decree that plaintiff's earning capacity was diminished by her disability. We have held that the Workmen's Compensation Act requires a finding by the trial court that the employee has suffered a loss of ability to earn. Webb Timber Co. v. Milton,365 So.2d 101 (Ala.Civ.App. 1978). We note, however, that the evidence and the judgment in their entirety satisfy the requirements of the act. See Ohio Ferro-Alloys Corp. v. Whaley, 366 So.2d 287
(Ala.Civ.App. 1979).
This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.