EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case where the only appellate issue is whether the employee willfully violated a rule or policy of his employer that employees not use an elevator. The testimony of the parties and of two additional witnesses was heard by the trial court as to that issue. That evidence conflicted. In the judgment as to liability, the trial court made a comprehensive finding of fact and concluded that the employee did not willfully violate his employer’s rule and that the employee *1106 was entitled to recover workmen’s compensation.
Some of the evidence which supports the findings of the trial court follows. The employee, while working for his employer, was injured when he fell from the elevator located in his employer’s restaurant. The building was then being cleaned prior to the business’s opening. The elevator door exhibited a sign which read “Dangerous Do Not Ride.” However, the elevator was used by the employees in their work. One witness testified that the purpose of the sign was to prohibit salesmen from using it since they were not acquainted with its method of operation. There was evidence that the only time that the employer told the employees not to use the elevator was when the elevator was being repaired. The employee’s brother testified that when his brother was injured his brother had been sent to the attic of the restaurant by the employer’s wife to obtain some detergent to be used in cleaning the kitchen of the restaurant. Detergent, glasses, dishes, and items used in the restaurant were stored in the attic. According to the employee, the only access to the attic on that occasion was by means of the elevator. A ladder, which was an alternate method of going from the second floor to the attic, had been moved. The employer controverted much of that evidence.
A limited scope of review is imposed upon this court in workmen’s compensation cases. We are required to examine the trial evidence, without weighing it, to ascertain if any legal evidence upholds the findings of the trial court. If so, we are required to affirm the judgment of the trial court. Martin Industries, Inc. v. Dement, 435 So.2d 85 (Ala.Civ.App.1983); Goodyear Tire & Rubber Co. v. Greene, 426 So.2d 851 (Ala.Civ.App.1983). While the evidence in this case clashed and was in much disagreement, the testimony which we have summarized fully supported the trial court’s findings. Accordingly, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.