This is a workmen's compensation case.
Kevin Smither sustained an injury to his back while working for International Paper Company (International). The accident which caused the injury occurred on April 24, 1985. International paid Smither temporary total disability benefits for a time, but suspended payment of those benefits in June 1986. Smither brought suit against International on July 25, 1986 seeking reinstatement of temporary total disability benefits, an award of permanent partial disability benefits, and "such other and further relief as he may be entitled to recover." International resumed payment of temporary total disability benefits on January 5, 1987, prior to trial.
The circuit court held an ore tenus trial on May 19, 1988. At trial the parties stipulated that the Alabama Workmen's Compensation Act governed the claim, that Smither's average weekly wage was $442.44, and that Smither had reached maximum medical improvement on September *Page 761 
10, 1987. After hearing the evidence the trial court awarded Smither temporary total disability benefits for June 1986 through January 1987, the period during which International had suspended payment of those benefits. It also awarded a ten percent penalty for failure to pay such benefits within thirty days after payment became due. See, § 25-5-59, Code 1975. However, the court limited Smither's recovery of temporary total disability benefits to $220 per week. The court further found that Smither suffered a ten percent permanent partial disability to the body as a whole and awarded benefits accordingly. Smither appeals. We reverse and remand.
On appeal Smither asserts that the trial court erred in three respects: (1) by limiting his recovery of temporary total disability benefits to $220 per week; (2) by relying solely on Smither's physical disability rating to determine the amount of permanent partial disability; and (3) by failing to award vocational rehabilitation benefits. We will address each of these contentions seriatim.
The trial court cited no authority for its decision to limit recovery of temporary total disability benefits to $220 per week. Maximum and minimum weekly compensation amounts for accidents occurring after February 1, 1985 are determined according to the formula set out in section 25-5-68(b), Code 1975. That section provides, in pertinent part:
 "[T]he compensation paid under this article shall be not less than, except as otherwise provided in this article, 27 1/2 percent of the average weekly wage of the state as determined by the director of industrial relations (rounded to the nearest dollar) pursuant to subsection (c) of this section and, in any event, no more than 100 percent of such average weekly wage; except that the maximum compensation payable for permanent partial disability shall be no more than the lesser of $220.00 per week or 100 percent of such average weekly wage." (emphasis added)
Thus, section 25-5-68(b) limits compensation payable forpermanent partial disability to $220 per week. It does not place such a limitation on compensation payable for temporary total disability. Clearly, the legislature intended this limitation to apply to permanent partial disability benefits only.
We can find no other authority for limiting recovery of temporary total disability benefits to $220 per week. The trial court therefore erred by doing so. On remand, the trial court is instructed to recalculate Smither's temporary total disability benefits award. The maximum amount of this award is the amount determined by the director of industrial relations pursuant to section 25-5-68(b) and (c) for the date of the accident.
International argues that we should not address Smither's contention regarding the award of temporary total disability benefits because Smither failed to raise the issue in a motion for new trial. We disagree. On appeal from a final judgment, a party is entitled to review of any judgment, order, or ruling of the trial court. A.R.A.P. 4(a)(1). Any error or ground of reversal or modification of a judgment which was raised in the trial court may be asserted on appeal, whether or not the error or ground was raised in a motion for new trial. A.R.A.P. 4(a)(3). This is not a situation where a party attempts to raise on appeal a new matter upon which the trial court had no opportunity to pass. Hellums v. Hager, 360 So.2d 721
(Ala.Civ.App. 1978). On the contrary, the trial court did pass judgment on the matter and made an error of law when it did so. An appellate court may review questions of law in a workmen's compensation case by writ of certiorari. Robinson Foundry, Inc.v. Moon, 503 So.2d 863 (Ala.Civ.App. 1987).
The other prong of appellate review in a workmen's compensation case is an examination of the evidence to determine if any legal evidence supports the trial court's findings. Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App. 1986). Smither contends that no legal evidence supports the trial court's finding that he suffers only a ten percent permanent partial disability. We agree. Because Smither's permanent *Page 762 
partial disability does not involve an injury to a scheduled member, the amount of compensation due him is determined by section 25-5-57(a)(3)g, Code 1975. That section provides, in part:
 "In all other cases of permanent partial disability not above enumerated, the compensation shall be 66 2/3 percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition."
Thus the determining factor in such a case is the worker's loss of earning ability.
The trial court herein determined only that Smither suffers a "ten percent permanent partial disability to the body as a whole." In doing so, the court apparently equated physical disability with the loss of ability to earn. This was error. InLittleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985), this court held that the criteria for determining permanent partial disability are not controlled by a finding of physical disability. Physical disability is merely one of many factors in the determination of the worker's loss of ability to earn. Allen v. Metro Contract Services, Inc., 421 So.2d 1289
(Ala.Civ.App. 1982). Smither's treating physician testified that Smither suffered a ten percent physical disability. However, the only evidence presented as to lost earning capacity showed a loss much greater than ten percent. We must therefore remand this case for a proper determination of the amount of permanent partial disability suffered by Smither.
Finally, Smither argues that the trial court erred in that it failed to award him vocational rehabilitation benefits pursuant to section 25-5-77(c), Code 1975. Although Smither made no specific request for rehabilitation benefits in his complaint, he did make a general request for relief, and Smither did introduce evidence at trial relative to rehabilitation benefits. However, the trial court failed to make any findings as to this issue. Inasmuch as it appears from the record that rehabilitation benefits were an issue at trial, the trial court, on remand, should consider the evidence relating to rehabilitation benefits and make findings of fact in recognition of section 25-5-77(c) and the supreme court's interpretation of that code section in Ex parte Beaver ValleyCorp., 477 So.2d 408 (Ala. 1985).
The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HOLMES and INGRAM, JJ., concur.