This is a petition for a writ of mandamus.
This began as a workmen's compensation claim filed February 22, 1990, in which James M. Jones claimed an occupational disease resulting from injuries received while employed by Neely Truck Line, Inc. Jones was employed by Neely until June 8, 1988. Neely filed an answer on March 27, 1990. In April 1990, Jones filed an amended complaint, which Neely answered. Subsequently, depositions were noticed and taken. A status conference was held in February 1991, and the case was set for trial on May 28, 1991.
In April 1991, Neely filed a motion for partial summary judgment and requested supplementary interrogatory responses. Neely took another deposition of the treating *Page 485 
physician, which Neely contends contradicted her previous deposition testimony. On May 16, 1991, Neely filed an amended answer alleging the statute of limitations as a defense and filed an amended motion for summary judgment raising the issue of the statute of limitations. A hearing was held on Jones's motion to strike Neely's amended answer and motion for summary judgment. The trial court granted Jones's motion to strike the amended answer, stating that the delay in filing the answer prejudiced Jones prior to this amendment by causing him to incur costs and spend time preparing a case. Neely filed this petition for a writ of mandamus asking this court to direct the trial court to allow Neely to amend its answer to Jones's complaints.
The issue raised on this petition is whether the trial court properly granted Jones's motion to strike the amended answer and refused to allow Neely to plead the affirmative defense of statute of limitations.
The statute of limitations is an affirmative defense which must be specifically pleaded. Rule 8(c), Alabama Rules of Civil Procedure. With several exceptions, an affirmative defense that is not pleaded at the time that the answer is filed is deemed to be waived. Wallace v. Alabama Ass'n of Classified SchoolEmployees, 463 So.2d 135 (Ala. 1984); Sims v. Lewis,374 So.2d 298 (Ala. 1979); Robinson v. Morse, 352 So.2d 1355 (Ala. 1977). The exception relevant to the instant case is stated in Piersolv. ITT Phillips Drill Div., Inc., 445 So.2d 559, 561 (Ala. 1984):
 "[W]here no actual prejudice to the opposing party is shown, and no undue delay is demonstrated, a court may permit the amendment of the answer to include a defense of the running of the period of the statute of limitations, though Rule 8(c) of the Alabama Rules of Civil Procedure requires such a defense to be pleaded as an affirmative defense. Freeman v. Blue Mountain Industries, 395 So.2d 1049, 1051 (Ala.Civ.App. 1981). Accord, Winn-Dixie Montgomery, Inc. v. Bryant, 421 So.2d 1254, 1257 (Ala. 1982)."
(Emphasis added.)
Despite the statement in Rule 15(a), A.R.Civ.P., that amendments should be "freely allowed," the Supreme Court has stated, "Rule 15, ARCP, is not carte blanche authority to amend a complaint at any time. Discretion rests in the trial judge to deny amendments for good cause." Stallings v. Angelica UniformCo., 388 So.2d 942, 947 (Ala. 1980).
A long delay is not good cause, by itself, to deny an amendment. National Distillers Chem. Corp. v. AmericanLaubscher Corp., 338 So.2d 1269 (Ala. 1976). The Supreme Court has agreed with an opinion of this court in several instances, however, that "[I]f the court determines, as it apparently did here, that a party has had sufficient opportunity to state a claim or revise his answer to a complaint but has failed to do so, leave to amend may properly be denied." Stallings, supra,388 So.2d at 947 (quoting Walker v. Traughber, 351 So.2d 917
(Ala.Civ.App. 1977)). See Puckett, Taul Underwood v.Schreiber, 551 So.2d 979 (Ala. 1989).
In the instant case, Neely had sufficient opportunity to discover the facts and to amend its answer earlier and failed to do so. Jones's original complaint, filed after the statute of limitations had lapsed, alleges only an occupational disease. As an occupational disease, it would be covered under a one year statute of limitations under Ala. Code 1975, §25-5-117 rather than the two year statute of limitations for an occupational injury covered under Ala. Code 1975, § 25-5-80. As Neely's brief admits, the additional discovery did not question the nature of the malady (i.e. disease or injury?), only its extent. Contrary to Neely's argument, the trial court did not rule that Neely was estopped from amending its answer simply because it had failed to include the statute of limitations as an affirmative defense in its first answer. Instead, it was because Neely did not amend its answer, which included the statute of limitations, for over a year after the original *Page 486 
amended complaint and answer, despite the fact that there were no new facts brought to Neely's attention since that time.
Neely cites three cases which appear to support a second exception to the rule that an affirmative defense which is not specifically pleaded at the time the answer is filed is deemed to be waived. This exception concerns a line of cases purportedly stating that when a defense appears on the face of the complaint, it can be amended even after trial in post-trial motions. Instead of supporting this exception, these cases only illustrate that there is no exact time limitation on a party amending a pleading, either chronologically or in relation to the course of a trial, as long as one is diligent in the attempt to do so, or the opposing party does not object to the amendment.
The first case cited by Neely illustrates the fact that diligence, as opposed to the stage in the trial, is the crucial factor in the trial courts' decisions regarding allowing an amendment. Williams v. McMillan, 352 So.2d 1347 (Ala. 1977), involved the granting of a summary judgment presumably based upon the statute of limitations, although this defense was never effectively pleaded. Even so, as there was nothing to indicate that the defendant was not diligent in asserting the statute of limitations, the summary judgment was granted.
Two other cases cited by Neely are useful in demonstrating that the failure of the opposing attorney to object to an introduction of the statute of limitations, even though it was not specifically pleaded, may result in the court allowing an amendment to the answer to include this defense. When this occurs, the parties will be deemed to have impliedly consented to try this defense. Cf. Hayes v. Payne, 523 So.2d 333 (Ala. 1987). In Sims v. Lewis, 374 So.2d 298 (Ala. 1979), the court noted that the plaintiff could have moved to strike the defenses of laches and the statute of limitations which were raised in a 12(b)(6) motion, but neglected to do so. Finally, in Hayes, supra, the statute of limitations was not considered to be on the face of the complaint where the available record did not "indicate that the statute of limitations was tried by the 'express or implied consent' of the parties." Hayes,523 So.2d at 334.
In order to issue a writ of mandamus, there must be a "clear showing that the trial judge abused his or her discretion by exercising it in an arbitrary and capricious manner." Ex parteAdams, 514 So.2d 845, 850 (Ala. 1987). After reviewing the record, we cannot say that the trial court has acted in an "arbitrary and capricious manner." In view of the above, we find that the trial court did not err in granting Jones's motion to strike the amended answer and in refusing to allow Neely to plead the affirmative defense of the statute of limitations.
Accordingly, the petition for a writ of mandamus is denied.
WRIT DENIED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.