Regina Clanton brought this action to recover benefits from Hudson Foods, Inc., under the Workmen's Compensation Act of Alabama. Clanton alleged a work-related injury to her wrist. Following ore tenus proceedings, the trial court denied her recovery. Clanton appeals.
 FACTS
Clanton began working for Hudson in 1988. In December 1989 she began to experience pain in her right hand and arm. At the time, she was working as a saw operator, cutting whole chickens into six or eight pieces. She was required to cut approximately three chickens per minute. She had been a saw operator for approximately one year.
When Clanton began to experience the pain, she went to the company nurse. On several occasions the nurse administered treatment. She ultimately referred Clanton to the company doctor. Clanton was treated by the company doctor for several weeks. She was finally referred to a surgeon, who performed surgery on her wrist. After surgery, the surgeon allowed Clanton to return to work provided that she did only light-duty work.
Clanton returned to Hudson but was unable to perform the light-duty work because of the pain in her hand. She has not been employed since that time.
Clanton testified that at the time of the hearing she was still experiencing pain and that she was unable, on occasion, to perform her normal household duties.
Clanton and a representative of Hudson were the only witnesses at the hearing. There was no medical or vocational testimony offered. There were some medical records from various treating physicians, but no opinions as to cause of injury.
 CONCLUSION
After hearing the testimony the trial court found that Clanton failed to prove that an "accident" had occurred, failed to establish legal causation, failed to establish medical causation, failed to establish the nature of the injury, and failed to offer any evidence as to the degree of disability.
Although Clanton raises several issues on appeal, we find the dispositive issue to be whether the trial court erred in finding that Clanton failed to establish that her employment was the medical or legal cause of her condition. City ofTuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729
(Ala.Civ.App. 1975).
The standard of appellate review in workmen's compensation cases is two-pronged. This court must look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, we must determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
For an injury to be compensable under Alabama workmen's compensation *Page 143 
laws, the injury must be "caused by an accident arising out of and in the course of his employment." § 25-5-51, Code 1975. If the job causes the injury, it is an "accident" within the meaning of the act. Magouirk v. United Parcel Service,496 So.2d 55 (Ala.Civ.App. 1986). Martin Industries, Inc. v.Dement, 435 So.2d 85 (Ala.Civ.App. 1983). "[I]n order for there to be an 'accident' within the intent of the Workmen's Compensation Act, the injury suffered by the claimant must be legally caused by the performance of his duties and a causal relationship of the medical nature must exist between claimant's injury and his job." Hellums v. Hager, 360 So.2d 721
(Ala.Civ.App. 1978). In Newman Brothers, Inc. v. McDowell,354 So.2d 1138 (Ala.Civ.App. 1977), this court set out the tests for legal and medical causation in the following manner:
 "[I]f in the performance of the duties of the job, an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may be legally determined to have arisen from the job and be termed an accident. It then must be determined whether the medical test of causation can be shown — i.e., did the conditions, danger or risks on the job precipitate or contribute to the injury?"
The trial court found that Clanton failed to prove both types of causation. We find it necessary, however, to discuss only her failure to prove medical causation.
Clanton suggests, in testimony, that the injury was caused by the continuous movement of her wrist while cutting chickens. Her suggestion, however, was not substantiated by any other testimony. Although she underwent surgery for carpal tunnel syndrome in her right wrist, there was no medical evidence as to the cause of such condition. It must be assumed that cutting chickens is not the only cause of carpal tunnel syndrome. Clanton's failure to introduce any evidence that her condition was in fact caused by the performance of her employment was fatal to her complaint.
Testimony of medical doctors is not always required in order for a trial court to find medical causation. Ex parte Price,555 So.2d 1060 (Ala. 1989). Rather, the totality of evidence, including both lay and expert testimony, may satisfy a showing of medical causation. Whether the claimant has satisfied this test in the absence of medical testimony is to be determined on a case-by-case basis. Price.
The trial court's finding that Clanton failed to prove medical causation is supported by the totality of the evidence (or the lack thereof). The trial court's judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.