This is a workmen's compensation case.
James M. Jones worked for Neely Truck Line, Inc. (Neely) until June 8, 1988. He filed suit for workmen's compensation benefits on February 22, 1990, alleging that he suffered an occupational disease arising out of and in the course of his employment.[1] *Page 1387 
Jones sought disability benefits and damages for outrageous conduct and emotional distress. Neely answered on March 27, 1990, denying that Jones's alleged injury was job-related and denying that Neely had had adequate notice of the injury. Neely filed a motion for partial summary judgment in April 1991.
Neely amended its answer on May 16, 1991, raising for the first time the statute of limitations as an affirmative defense. Neely also filed an amended motion for summary judgment, asserting the statute of limitations defense. Ala. Code 1975, § 25-5-117. Jones's motion to strike Neely's amended answer was granted. Neely petitioned this court for a writ of mandamus to compel the trial court to accept its amended answer and its motion for summary judgment. This court denied Neely's petition, holding that the trial court acted within its authority in denying Neely's amended answer. Exparte Neely Truck Line, Inc., 588 So.2d 484 (Ala.Civ.App.), mandamus denied, 613 So.2d 1299 (Ala. 1991).
At trial, Neely filed motions for a directed verdict and to amend its answer to conform to the evidence, pursuant to Rule 15(b), A.R.Civ.P. Both motions were predicated upon Neely's statute of limitations defense. In April 1992, the trial court found, inter alia, that Neely had had notice of Jones's medical condition, that Neely was estopped from pleading the statute of limitations as a defense, and that Jones was totally and permanently disabled as a result of an occupational disease and that Jones was no longer able to perform the work of his trade or able to obtain reasonable employment. The trial court, inter alia, awarded Jones permanent total disability benefits and accrued temporary total benefits, and it added a 10% penalty for Neely's failure to pay the temporary total benefits pursuant to Ala. Code 1975, § 25-5-59. Neely appeals.
Neely contends on appeal that the trial court abused its discretion in denying Neely's motion to amend its answer to conform to the evidence, and that the trial court erred in finding that Jones was permanently and totally disabled.
At the outset, we note that the standard of review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
Neely first contends that the trial court erred in denying its motion to amend the answer to conform to the evidence. We are cognizant that Neely is attempting to retry a previously litigated issue. Our analysis in Ex parte Neely, supra, is dispositive of this issue, and therefore, we will address only one part of Neely's subsequent Rule 15(b), A.R.Civ.P., claim.
Rule 115(b), A.R.Civ.P., states in part:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires."
Neely argues that Rule 15(b) is not permissive; that the trial court lacked the authority to deny Neely's motion. We disagree. Although Rule 15 allows pleadings to be freely amended when justice requires, the rule is not "carte blanche" authority to amend a pleading at any time. Taylor v. DothanCity Board of Education, 513 So.2d 623 (Ala.Civ.App. 1987). "Rule 15(b), ARCP, permits a trial judge within his discretion
to allow amended pleadings." Pierce v. Webb, 398 So.2d 271, 271
(Ala. 1981) (emphasis added). *Page 1388 
It is within the trial court's discretion to allow or deny an amendment under Rule 15(b), and we will not reverse absent abuse of that discretion. Taylor, supra; Hughes v. Wallace,429 So.2d 981 (Ala. 1983). For the reasons discussed more fully inEx parte Neely, supra, we find no abuse of the trial court's discretion here.
Neely next argues that the trial court erred in finding that Jones was totally and permanently disabled. It further argues that the trial court improperly relied upon illegal evidence in its ruling. The record reveals that Jones had been employed by Neely since 1975 as a dock worker, loading and unloading freight from trucks. He testified that he began experiencing pain and numbness in his hands in February 1988, with the pain becoming worse in May 1988. He visited Dr. Richard B. Morawetz, who diagnosed carpal tunnel syndrome. Jones underwent surgical procedures in the left wrist area in June and October 1988, and in the right wrist area in July 1989.
Dr. Victoria Masear, Jones's treating physician, testified at deposition in August 1990, that the reasonable cause for Jones's carpal tunnel syndrome was his job and that she could find no other cause for his symptoms. At a subsequent deposition in May 1991, Dr. Masear stated that Jones's right carpal tunnel syndrome was probably idiopathic and not work-related, although the left carpal tunnel syndrome probably was work-related. Dr. Masear also testified that the left carpal tunnel syndrome, by itself, was sufficient to prevent Jones from returning to the same type of work that he had performed at Neely.
The trial court's order states that "further, Jones proved by legal evidence that his occupational disease to both upper extremities, diagnosed as carpal tunnel syndrome, was caused by hazards recognized as peculiar to his particular trade. . . ." (Emphasis added.) Neely unpersuasively argues that since Dr. Masear had stated Jones's right carpal tunnel syndrome was probably unrelated to his employment, that portion of the order indicates that the trial court's findings were not supported by the evidence.
Expert opinions in workmen's compensation cases are not binding on the trial court, even when uncontroverted.Fisher v. Bruno's Food Stores, Inc., 588 So.2d 488
(Ala.Civ.App. 1991). Further, medical testimony is not always a prerequisite for a trial court to find medical causation.Clanton v. Hudson Foods, Inc., 594 So.2d 141
(Ala.Civ.App. 1991). Moreover, we note that in Dr. Masear's second deposition, she stated that Jones's left carpal tunnel syndrome was work-related, and that that alone rendered him unable to return to his former work.
Neely last argues that the trial court admitted illegal evidence; specifically, letters from Dr. Morawetz and Dr. Richard M. Allman, asserting that Jones's carpal tunnel syndrome was caused by his work. Neely claims that the letters were not properly authenticated. "In a workmen's compensation case, where there is legal evidence to support the trial court's findings, this court will not consider questions regarding the trial court's rulings on objections to the admission of evidence, unless the amount of illegal evidence accepted suggests the probability that the trial court's findings have been influenced thereby." Montgomery v. Mardis,416 So.2d 1042, 1044 (Ala.Civ.App. 1982). We have examined the proffered exhibits and find no influence therefrom upon the trial court's holding, especially in light of Dr. Masear's deposition testimony regarding the same issue. This ruling should not, however, be taken as holding that the evidence in question is inadmissible. Having found sufficient legal evidence to support the trial court's holding, we need not pass judgment on the issue of the exhibits' admissibility. Rule 45, A.R.App.P.
Therefore, it is the opinion of this court that the trial court acted within its discretion in denying Neely's Rule 15(b), A.R.Civ.P., motion to amend its pleadings to conform to the evidence; further, the trial court's finding of permanent total disability is supported by legal evidence in the record, and a reasonable view of that evidence supports the trial court's judgment. Hence, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED. *Page 1389 
YATES, J., concurs.
ROBERTSON, P.J., dissents.
[1] We note that both parties and the trial court have categorized Jones's affliction as an "occupational disease." We have researched the relevant case law, and find that no court has ever specifically stated whether carpal tunnel syndrome is an "injury" or an "occupational disease." Gold Kist, Inc., v.Casey, 495 So.2d 1129 (Ala.Civ.App. 1986), and Clanton v.Hudson Foods, Inc., 594 So.2d 141 (Ala.Civ.App. 1991), both imply that carpal tunnel syndrome is an injury. However, W.Y.Shugart Son, Inc. v. Cox, 578 So.2d 1332
(Ala.Civ.App. 1990), classified tenosynovitis, similar to carpal tunnel syndrome, as an occupational disease.
The Legislature, recognizing the increasing number of claims pertaining to carpal tunnel and other cumulative trauma disorders, amended Ala. Code 1975, § 25-5-1(9), to statutorily define carpal tunnel syndrome as an "injury." The amendment took effect May 19, 1992, and is inapplicable to this action.
The May 19, 1992, amendments also increased the statute of limitations for pleading occupational diseases from one, year to two. Ala. Code 1975, § 25-5-117(a). It is noteworthy that had Jones originally argued that his condition was an injury, Neely's affirmative defense of statute of limitations would be moot.