James Lambert brought an action to recover benefits from Lisanti Foods, Inc., under the Workmen's Compensation Act of Alabama. Lambert claimed a work-related injury to his back. Following oral proceedings, the trial court denied recovery. Lambert appeals.
The record reflects that Lisanti Foods employed Lambert as a long-distance truck driver in November 1989. On his application for employment, Lambert indicated that he had no prior injuries or disabilities. He testified, however, that he had an understanding with Lisanti Foods that he would not be required to do any lifting due to a preexisting back injury.
Lambert testified that during the course of his employment, it became necessary for him to unload his truck. He stated that the lifting and the long hours caused him to experience pain in his back. In April 1990 Lambert informed Lisanti Foods that he "had to have some time off to rest and get some medical treatment for my physical condition." He has not been employed with Lisanti Foods since that time. He has not been otherwise employed, except for six weeks with a construction company. He testified that he was still experiencing back pain.
Lambert and his wife were the only witnesses at the hearing. There was no medical or vocational testimony offered. One medical bill was introduced into evidence.
After hearing the testimony, the trial court found that Lambert failed to "sufficiently prove the nature of the injury and that it arose out of his employment."
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a *Page 627 
reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
For an injury to be compensable under Alabama workmen's compensation laws, the injury must be "caused by an accident arising out of and in the course of his employment." § 25-5-51, Code 1975. If the job causes the injury, it is an accident within the meaning of the act. Clanton v. Hudson Foods Inc.,594 So.2d 141 (Ala.Civ.App. 1991). "[I]n order for there to be an 'accident' within the intent of the Workmen's Compensation Act, the injury suffered by the claimant must be legally caused by the performance of his duties and a causal relationship of a medical nature must exist between claimant's injury and his job." Hellums v. Hager, 360 So.2d 721 (Ala.Civ.App. 1978). InNewman Brothers, Inc. v. McDowell, 354 So.2d 1138
(Ala.Civ.App. 1977), this court set out the tests for legal and medical causation in the following manner:
 "[I]f in the performance of the duties of the job, an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may be legally determined to have arisen from the job and be termed an accident. It then must be determined whether the medical test of causation can be shown — i.e., did the conditions, danger or risks on the job precipitate or contribute to the injury?"
The trial court found that Lambert failed to prove any causal connection between his injury and his employment. Because the causation test is conjunctive, we find it necessary only to discuss Lambert's failure to prove medical causation.
Lambert insisted at trial that his back problems were caused by unloading his truck and by the long hours he worked. His contention, however, was not substantiated by any other evidence. It cannot be assumed that unloading a truck is the only cause of back problems.
Testimony of medical doctors is not always required in order for a trial court to find medical causation. Ex parte Price,555 So.2d 1060 (Ala. 1989); Clanton. Rather, the totality of evidence, including both lay and expert testimony, may satisfy a showing of medical causation. Whether the claimant has satisfied this test in the absence of medical testimony is to be determined on a case-by-case basis. Price; Clanton.
The only evidence concerning the alleged injury was submitted by Lambert and was entirely subjective. Under the state of the evidence, we affirm the trial court and find that Lambert failed to establish a credible causal connection between his injury and his employment.
Lambert frames his second issue in the following manner: "Whether or not plaintiff is entitled to tort damages from Lisanti for terminating the plaintiff when medical help was refused him and he left to obtain medical help."
Lambert's complaint contained the following allegation: "Plaintiff claims the amount of $1,000,000.00 as both compensatory and punitive damages, for the Defendants caused Plaintiff to be fired for making a Workmen's Compensation Claim." Lambert did not seek to sever the claim, nor did he request a jury trial on the claim. At trial, Lambert failed to present any evidence that he was discharged because he made the workmen's compensation claim. Likewise, there was no mention of damages.
The trial court did not rule on Lambert's retaliatory discharge claim. We deem the judgment, however, to be final for purposes of our review because Lambert failed to present any argument or evidence concerning the issue. Poston v. Gaddis,372 So.2d 1099 (Ala. 1979). We consider the trial court's silence on the matter, in this instance, to be a denial or a rejection of the claim. The judgment is sufficient to support an appeal. Neither party has requested an application for Rule 54(b), A.R.Civ.P. Poston.
To support his retaliatory discharge claim, Lambert had to prove that he was "terminated" because he sought to recover workmen's compensation benefits. Twilley v. Daubert *Page 628 Coated Products, Inc., 536 So.2d 1364 (Ala. 1988). The record is devoid of any such proof.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.