YATES, Judge.
This is a workmen’s compensation action brought by Johnny Williamson as an employee against himself, as the employer, and his workmen’s compensation insurance carrier, Georgia Casualty Insurance Company. The parties stipulated that Williamson was injured in a compensable accident, in that on June 20, 1988, while cutting timber, a tree fell on Williamson resulting in a fractured hip, pelvis, and leg. As a result of the accident, Williamson underwent surgery on September 28, 1988, for a right total hip arthro-plasty. On November 1, 1988, Williamson was released to return to work and he worked continuously thereafter until he sold his business to his son in July 1991. On November 13, 1992, following an ore tenus proceeding, the trial court found that Williamson had a 12% permanent disability and a reduction in his earning capacity as a result of the June 20, 1988 accident. Williamson appeals.
In workmen’s compensation cases, this court follows a two-step process of review. Initially, we must determine if there is any legal .evidence to support the trial court’s finding. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The dispositive issues on appeal are whether the trial court erred in failing to find that Williamson was permanently totally disabled, and whether the trial court properly considered other evidence at trial, in addition to the medical testimony, to determine the percentage of physical impairment.
It is settled law that a trial court in a workmen’s compensation case may make a finding of permanent total or partial disability without receiving expert testimony. Bankhead Forest Industries, Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982). The reason behind this rule is stated in Ex parte Ellenburg, 627 So.2d 398 (Ala.1993) (quoting 3 Larson, Law of Workmen’s Compensation, § 79.83) as follows:
“ ‘ “In arriving at the rule permitting awards in the absence or even in contradiction of medical testimony, two underlying reasons may be discerned: The first is that lay testimony, including that of claimant himself, is of probative value in establishing such simple matters as the existence and location of pain, the sequence of events leading to the compensable condition, and the actual ability or inability of claimant to perform his work;
The supreme court further stated:
“ ‘Clearly, such a determination is not just a medical question, but is a complex concept involving several combinations of questions as to the claimant’s inability to perform his job, and inability to get suitable work.’”
Id. at 399 (citation omitted).
It is also settled that the trial court’s findings on disputed evidence in a workmen’s compensation case are conclusive. This court in McKenzie v. American Bread Co. of Alabama, 579 So.2d 667, 670 (Ala.Civ.App.1991), stated as follows:
“In a workmen’s compensation case a review of the weight or preponderance of the evidence is not properly before this court; rather, we may only inquire whether any legal evidence supports the trial court’s findings, and the trial court’s findings are conclusive where the testimony is conflicting. Suit v. Hudson Metals, Inc., 414 So.2d 115 (Ala.Civ.App.1982).”
In the present case, there is evidence to support the finding of the trial court.
Dr. David Burandt, an orthopedic surgeon, testified through deposition that he first saw Williamson on February 27, 1989, *71 four months after Williamson had his hip replacement surgery. Dr. Burandt examined Williamson again on March 9, 1992, and assigned a 30% permanent impairment rating to Williamson’s lower extremity. Dr. Bu-randt also testified to the notes made by his partner, Dr. Chester Boston, who examined Williamson on July 28, 1988, and on March 28, 1989, and who reported a 30% impairment rating to Georgia Casualty Insurance Company. Moreover, Dr. Burandt testified to the notes made by Dr. Stephen Ikard, also a partner of Dr. Burandt’s, who examined Williamson on March 8, 1990. Dr. Ikard assigned a 20% impairment rating to Williamson’s lower extremity. According to the American Medical Association’s Guides to the Evaluation of Permanent Impairment (3d rev. ed. 1990), a 20% to 30% permanent impairment rating converts to a 12% physical impairment to the whole body.
The trial court also considered the testimony of Dr. John Goff, a clinical neuropsychologist, who examined Williamson on July 12, 1991. Dr. Goff diagnosed Williamson with organic personality disorder and reactive depression. He testified that a substantial part of Williamson’s difficulties relate to cognitive deficits which he attributes to a skull fracture that occurred in 1978. Dr. Goff assigned a 50% impairment rating to Williamson, and he found that his rehabilitation potential was poor and that his condition was static.
Michael Douglas Staff, a licensed professional counselor specializing in vocational rehabilitation, interviewed Williamson on October 29, 1992. Staff testified that, given Williamson’s work background, transferable skills, education, depression, and memory loss, he was 100% vocationally disabled. Staff acknowledged that Williamson’s memory loss was not caused by the July 20, 1988, accident. Staff further acknowledged that Williamson returned to work after his hip replacement and worked for more than two years (November 1988-July 1991) before selling his business, and that Williamson suffered no loss of earning capacity during that period of time.
Next, we consider Williamson’s contention that the trial court based the percentage of compensation awarded solely on the medical testimony regarding percentage of physical impairment. The criteria for determining permanent partial disability for the purposes of compensation are not controlled by a finding of physical disability to the body as a whole. Smither v. International Paper Co., 540 So.2d 760 (Ala.Civ.App.1989).
In the present case, the trial court stated in its final judgment that it considered the testimony of Staff, who testified that Williamson was permanently totally disabled, and also considered the fact that Williamson is 56 years old and that he has a sixth-grade education. Other factors that the trial court considered are as follows: Williamson worked for more than two years after the accident; that he had three other injuries after returning to work; that after selling his business, Williamson has continued to work occasionally on his farm; and that Williamson had numerous injuries before the accident that made the basis of this case.
Furthermore, the trial court stated in its final judgment that medical testimony was not the only factor considered in determining the loss of earning capacity. After carefully reviewing the record and applying our very limited standard of review, this court is of the opinion that a reasonable view of all the evidence supports the trial court’s finding that Williamson was 12% disabled as a result of his injury.
Williamson next contends that the trial court failed to make findings of fact on the issues involved in the case. This argument is without legal merit. Ala.Code 1975, § 25-5-88, requires the trial court in a workmen’s compensation ease to make a written judgment which contains a statement of the law, facts, and conclusions as determined by the court. Here, the trial court entered a six-page judgment that contained specific findings of fact, conclusions of law, and a final determination. This court finds no error. Therefore, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.