L. CHARLES WRIGHT, Retired Appellate Judge.
Llewellyn Gray filed a complaint for workmen’s compensation benefits in the Circuit Court of Talladega County against Harbison-Walker Refractories, alleging that he was owed benefits for a work-related injury to his back. Following oral proceedings, the trial court determined that Gray should “recover a sum based upon a 75% permanent partial disability to the body-as-a-whole.” The trial court failed to make a finding concerning Gray’s loss of ability to earn. Gray appeals.
Gray asserts that the trial court erred in failing to make a finding of total and permanent disability.
The record reflects that Gray injured his back in the summer of 1988 while employed by Harbison-Walker. He subsequently underwent surgery to correct the damage caused by the injury. He testified that due to pain and immobility, he was not capable of being employed in any capacity.
Gray’s vocational expert opined that, due to the injury and the resulting pain, Gray was totally and permanently disabled. His treating physician, after viewing a surveillance videotape of Gray playing basketball, stated that, in his opinion, Gray was capable of doing light to sedentary work. Gray’s initial treating physician believed that Gray exaggerated his symptoms.
The test for total and permanent disability is the inability to perform one’s trade and the inability to find gainful employment. Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990). Total disability does not mean entire physical disability or *1382 absolute helplessness. Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). It is the duty of the trial court to make some determination as to the extent of disability. Genpak. The trial court is not bound by expert testimony. Genpak. In making the determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Genpak.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the trial court’s finding that Gray suffered less than a total and permanent disability.
The trial court’s failure to make a finding concerning Gray’s loss of ability to earn, however, was in error.
The finding of disability to the body as a whole does not automatically correlate to a finding of loss of earning ability. Smither v. International Paper Co., 540 So.2d 760 (Ala.Civ.App.1989). The case is therefore remanded to the trial court for it to make a determination of whether Gray suffered a loss of ability to earn. Smither.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.