[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 606 
Richard D. Boothe (employee) appeals a judgment awarding him workmen's compensation benefits[1] for an 80% permanent partial disability. Jim Walter Resources, Inc., was his employer.
Boothe, who was 32 years old at the time of trial, had been employed by the employer in 1985 or 1986. At the time of his initial injury in 1989, he was employed in one of the employer's mines as an electrician, and he injured his back while lifting an object. After receiving conservative treatment, he underwent back surgery, and after approximately six months, he returned to work; however, he testified that his back continued to bother him. After his return to work, he injured his knee, and this injury also required surgery and physical therapy.
Subsequently, the employee suffered yet another back injury in February 1991 while lifting a reel of cable. Following conservative treatment, including nerve blocks, surgical repair of a lateral disc herniation was performed in October 1992. His pain continued and further nerve blocks were performed. The employee contends that a preexisting duodenal and peptic ulcer condition was aggravated by anti-inflammatory medication prescribed for his back, to the extent that further surgery, which he says was required, resulted in the side effect of causing him to lose control of his bowels.
The employer's expert witness, a vocational consultant, testified that Boothe had a vocational disability of 72%, while Boothe's witness said he had a vocational disability of 90%, without granting any weight to Boothe's complaints of pain. Boothe's expert testified that if weight were given to his complaints of pain, "[t]hen I don't think he could work at all."
Following ore tenus proceedings, the trial court found that the employee had, inter alia, sustained an 80% permanent partial disability, and it awarded benefits accordingly, reducing the award by $6,780 for permanent partial disability benefits previously paid.
The employee appeals, contending that the manner in which the judgment was prepared and entered violates Ala. Code 1975, §25-5-88; that no reasonable view of the evidence supports the trial court's determination of an 80% disability; and that the trial court erred in deducting the amount of prepaid permanent partial disability benefits to determine the compensation owed pursuant to Ala. Code 1975, §§ 25-5-57 and 25-5-58.
Following ore tenus proceedings and after taking the matter under advisement, the trial court addressed a communication to both parties on February 1, 1994, stating:
 "I have carefully reviewed the briefs, deposition, exhibits and records submitted in the case.
 "I have concluded that the plaintiff has sustained eighty percent (80%) permanent partial disability due to his work related injuries, and that the defendant/employer should cover all of the medical expenses of the plaintiff.
 "Could you all please draft an appropriate decree with the usual provisions for attorney's fees and expenses. . . ."
(Emphasis in original.)
Following this communication, the employer's attorney drafted a proposed order and forwarded it to the employee's attorney and the trial court. The court adopted that proposed *Page 607 
order and signed it as its order on February 15, 1994.
The employee first argues on appeal that the communication from the trial court dated February 1 was, in effect, a deficient judicial determination, because, he says, it did not comply with Ala. Code 1975, § 25-5-88. Obvious flaws in that argument are fatal to the employee's appeal. Clearly, the trial court's request for the parties to "draft an appropriate decree" does not indicate an intention to adjudicate and is not a final, appealable determination entered in conformity with Rule 58, A.R.Civ.P. Ala. Code 1975, § 25-5-88. Therefore, any appeal from that communication must be dismissed. Ala. Code 1975, § 25-5-81, and Rule 2, A.R.App.P.
Even if the employee persuaded this court that the communication was, in effect, a final, appealable order, the employee's appeal, filed over 100 days later, would have to be dismissed as untimely. Rule 2, A.R.App.P. Even bench notes lack the solemnity of an order, in the case of a conflict. The judgment governs. Frank v. Johnson, 261 Ala. 642, 75 So.2d 153
(1954). At most, the trial court's written communication of February 1, 1994, is similar to an oral request made by a trial court at the close of a proceeding. The final judgment in this case was the order entered on February 15, 1994; it takes precedence. Roden v. Colburn, 522 So.2d 290
(Ala.Civ.App. 1988).
The employee next argues that the trial court's request to the parties to prepare a judgment in accordance with its findings was an attempt by the trial court to "delegate" its judicial duty pursuant to Ala. Code 1975, § 25-5-88. This argument is, likewise, without merit. It has been a long-standing practice in this state and elsewhere for trial judges to delegate the manual preparation of judgments to others. Frequently, as in this case, one or more parties draft a proposed judgment, which the trial court may accept or reject, in part, or in its entirety. So common is this practice that legal research books used in the practice of law frequently provide forms suggesting proposed orders.
In the case sub judice, soon after the trial court's request to both parties to prepare a draft of an appropriate order, the employer provided the employee with a proposed judgment and sought suggestions. Apparently, the employee chose not to respond to the trial court's request, not to respond to the employer's request for suggestions regarding the proposed order, and not to object to the employer's proposed order. Ultimately, the trial court adopted the proposed order as its judgment. This practice is commonly accepted in most jurisdictions, and our research has revealed no Alabama law or case prohibiting that practice. The practice of permitting counsel to draft an order was considered "not improper" by our Supreme Court because the proposed judgment, once adopted by the trial judge, becomes the court's order. Stollenwerck v.Talladega County Board of Education, 420 So.2d 21, 24
(Ala. 1982). Other jurisdictions have considered this practice acceptable on the basis that the proposed or draft judgment presented by an attorney has no legal effect until signed by the trial court. See, for example, Johnson v. Johnson,67 N.C. App. 250, 313 S.E.2d 162 (1984), and In re Crane's Estate, 343 Ill. App.? 327, 99 N.E.2d 204 (1951). In many cases, the preparation of a proposed judgment is customarily delegated to the winning attorney. See Johnson, supra. Thus, there was simply no error in the trial court's delegation of the task of preparing a draft judgment in accordance with its findings.
The employee next argues that no reasonable view of the evidence supports the trial court's finding that the employee suffered less than a total and permanent disability.
This court's review is limited to determining whether there is any legal evidence to support the trial court's findings of fact and, if so, whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991). Additionally, where a reasonable view of the evidence supports the trial court's judgment, the judgment must be upheld, even if another, perhaps better reasoned view of the evidence, might *Page 608 
have dictated a different outcome. Ex parte Veazey,637 So.2d 1348 (Ala. 1993).
While the record discloses some evidence, which if believed by the factfinder, would justify a finding of a total and permanent disability, nevertheless, other evidence, including expert testimony, would support a finding of a permanent partial disability in the range of 60% to 90%.
The trial court considers the entire evidence, and considers its own observations, in determining the extent of disability.H.C. Moore Sons v. Middlebrooks, 567 So.2d 1359
(Ala.Civ.App. 1990). Furthermore, the trial court is not bound by the opinion of any expert, but may consider all the evidence, including its own observations, and interpret it according to its best judgment. Jackson v. IMMS Industrial Coatings,603 So.2d 1059 (Ala.Civ.App. 1992). Moreover, where testimony is conflicting, the findings of the trial court are conclusive.Acustar, Inc. v. Staples, 598 So.2d 943 (Ala.Civ.App. 1992).
A reasonable view of the evidence supports the trial court's finding that Boothe suffered less than a total and permanent disability. We note, however, that the finding of a disability alone does not automatically correlate to the finding of a loss of earning ability. Gray v. Harbison-Walker Refractories,637 So.2d 1380 (Ala.Civ.App. 1994). The trial court's comprehensive order makes no finding that the employee has suffered a loss of ability to earn. Absent that finding, no grounds exist for awarding compensation. Marley Erectors, Inc.v. Rice, 560 So.2d 1083 (Ala.Civ.App. 1990). Ordinarily, this court will reverse the trial court's judgment and remand the cause for a determination regarding the loss of ability to earn. Gray, supra. See also Smither v. InternationalPaper Co., 540 So.2d 760 (Ala.Civ.App. 1989). In the case sub judice, however, the evidence within the record and the judgment itself, when considered in their entirety, satisfy the requirement regarding the employee's loss of ability to earn. See Martin Industries, Inc. v. Dement, 435 So.2d 85
(Ala.Civ.App. 1983).
Last, the employee contends that the trial court erred in deducting the amount of permanent partial benefits previously paid as a result of his prior injury, and that the deduction resulted from an improper application of Ala. Code 1975, §25-5-58. The parties stipulated at trial that the employer had paid $6,780 in permanent partial benefits, based upon an initial 5% impairment rating. The evidence is, however, that following a recuperative period, the employee returned to his normal duties. There was no evidence that any restrictions or limitations were placed upon the conditions of his employment. This court has held that Ala. Code 1975, § 25-5-58, must be liberally construed and does not apply if the previous injury or infirmity was not disabling so as to prevent the employee from performing his normal job activities. Price's Bar-B-Que v.Carter, 541 So.2d 38 (Ala.Civ.App. 1989). It is undisputed that Boothe returned to his normal job following the injury, albeit with some pain and discomfort; thus, in the absence of evidence that the employee was not capably performing his assigned job, the trial court erred in applying Ala. Code 1975, § 25-5-58. We, therefore, must reverse the judgment and remand this cause for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.
[1] The review of this case is governed by Ala. Code 1975, § 25-5-1
et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.