This is a workmen's compensation case.
Don Mardis was injured on February 15, 1980 while he was at work. The evidence shows that Mardis fell from a diesel fuel truck, injuring his back. As a result of these injuries, Mardis brought suit against his employer to recover workmen's compensation benefits.
The parties stipulated at trial that the accident had arisen out of and in the scope of Mardis's employment. It appears from the evidence that Mardis has seen numerous doctors concerning his back injury. Dr. Bryce Bracken, an orthopedic surgeon, testified on behalf of Mardis. He testified that he had examined Mardis several times. He stated that Mardis had pain in his back and hip. The doctor also placed Mardis in a back brace. Although Mardis continued to experience pain, Dr. Bracken could find no reason why the pains were continuing. Finally Dr. Bracken testified that Mardis had suffered a seventeen percent impairment.
Mardis also offered the deposition of William Breen, who is the owner of an industrial relations consulting firm. Mr. Breen stated that he had interviewed Mardis and had examined the medical records concerning Mardis. Breen stated that in his opinion Mardis was suffering a one hundred percent permanent disability.
Two doctors testified for the employer. Both of these doctors stated that they could not find any further physical disability, although they both admitted that Mardis was continuing to have pain. Both felt that this pain was due more to psychological problems rather than physical problems.
On November 20, 1981 the trial court entered its final judgment. The court found that Mardis had suffered a temporary total disability and was entitled to workmen's compensation benefits for a period of three hundred weeks. From this judgment the employer appeals and Mardis cross-appeals.
The employer raises two issues on appeal: (1) whether the trial court properly admitted into evidence the deposition of William Breen, and (2) whether the trial court erred in finding that Mardis was entitled to temporary total disability benefits for an additional period of three hundred weeks. Mardis, as cross-appellant, contends that the court erred in not finding that he was entitled to permanent total disability benefits.
With regard to the second issue, both parties contend that the trial court erred in finding that Mardis suffered a temporary total disability and was entitled to recover benefits for three hundred weeks. The employer argues that the evidence clearly shows that Mardis has completely recovered from his injuries and has no further disability. Mardis, on the other hand, contends that the evidence shows that he has suffered a permanent total disability.
We note that at trial the parties, by stipulation, apparently attempted to limit the court's determination to the question of whether Mardis was permanently disabled. Mardis, in his cross-appeal, argues *Page 1044 
this point, alleging that the court could not legally make a finding of temporary disability. We do not agree. Although the parties may enter into an agreement to try their case on any theory they choose, Reese Funeral Home v. Kennedy Electric Co.,370 So.2d 1030 (Ala.Civ.App. 1979), the court is not bound by the parties' agreement as to the law to be applied in the case, or by agreements of fact which are contrary to the facts as disclosed by testimony. Garrett v. Mathews, 474 F. Supp. 594
(N.D.Ala. 1979), aff'd, 625 F.2d 658 (5th Cir. 1980). The extent and type of disability suffered by a workmen's compensation claimant, and the amount of compensation to be awarded in a given situation, are matters for the court to decide. In this case the trial court was free to make a determination of temporary or permanent disability, or lack thereof.
The question remains as to whether the decision of the trial judge in awarding additional temporary total disability benefits is supported by the evidence. As in all workmen's compensation cases, our scope of review is limited to an examination of the evidence to determine whether any reasonable view of it supports the conclusion of the trial court. We will not examine the weight or preponderance of the evidence but will look only to see if there is any legal evidence to support the trial court's findings. McGaughy v. Allied Products Co.,412 So.2d 803 (Ala.Civ.App. 1982). After examining the record, we cannot find that the trial court erred.
The medical and other expert testimony in this case was extremely controverted. Although the doctors could find no physical cause of Mardis's pain, they all agreed that he was still having pain. Certainly from this testimony the trial court could conclude that Mardis was still suffering from a disability which resulted from his work-related injury.
Mardis contends that the evidence supports a finding that he is suffering from a permanent total disability. We cannot agree. Although Mardis's witnesses testified that he was suffering a permanent total disability, there is other evidence which supports a finding that the disability would not be permanent.
The doctors recommended that Mardis should be placed in a physical therapy program to strengthen his back. It was also suggested that he receive psychological counseling. Although Mardis tried these programs, he quit because he could not establish the proper rapport with his doctors. From this testimony the trial court could have concluded that additional physical therapy coupled with psychological counseling could enable Mardis to recover completely or reach that point where it could be concluded that maximum recovery had been achieved. Such evidence supports the trial court's finding that Mardis's disability was temporary.
The employer argues that the trial court also erred in awarding temporary total benefits for a period of three hundred weeks. In a case involving temporary total disability, it is the duty of the court to make an estimate from the evidence as to the probable duration of the disability. In making this determination the trial court is not bound by expert medical testimony. The court must consider all of the evidence, including its own observation, and interpret it to its own best judgment. Albertville Nursing Home v. Upton, 383 So.2d 544
(Ala.Civ.App. 1980). We cannot say that the trial court erred in finding that Mardis was entitled to temporary total disability for three hundred weeks.
The remaining issue on appeal concerns the employer's objection to the admission of Breen's deposition. The objection was based on the fact that Mardis did not state a sufficient ground for allowing Breen to testify by deposition.
In a workmen's compensation case where there is legal evidence to support the trial court's findings, this court will not consider questions regarding the trial court's rulings on objections to the admission of evidence, unless the amount of illegal evidence accepted suggests the probability that the trial court's findings have been *Page 1045 
influenced thereby. American Tennis Courts, Inc. v. Hinton,378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala. 1979); Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App. 1976), cert. denied, 342 So.2d 924 (Ala. 1977). In the present case we do not find that the deposition of Breen exerted any influence upon the court's decision. However, we should not be understood as holding that the questioned evidence is inadmissible. Since we find sufficient legal evidence upon which to support the trial court's findings, we will not consider this issue.
For the foregoing reasons, the judgment entered below is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.