HOLMES, Judge.
This is a workmen’s compensation case.
The Tuscaloosa County Circuit Court denied workmen’s compensation benefits, finding that the employee did not suffer a permanent partial disability as a result of a work related accident. The employee appeals.
The dispositive issue on appeal is whether there is any evidence to support the trial court’s action. We find that there is evidence to support the trial court’s judgment and affirm.
In workmen’s compensation cases the trial court’s finding is conclusive if there is any evidence to support it. Legg v. Americold Compressor Co., 336 So.2d 1121 (Ala.Civ.App.1976).
This court can consider neither the weight of the evidence nor the propriety of the trial court’s finding of fact. Our review is limited to a determination of whether there is any evidence to support the trial court’s finding. Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109 (Ala.Civ.App.1982).
In the instant appeal, the transcript of the evidence reveals the following:
The employee testified that on June 19 or 20, 1980, he injured his back while working for the employer. After notifying his employer of his injury, the employee sought treatment from a Dr. Taylor whom he saw off and on for the next two years.
Two weeks after his initial injury, the employee started receiving workmen’s compensation for a temporary total disability which continued for almost one year.
At the first visit, Dr. Taylor treated the employee for acute pains in the neck and lower back. Dr. Taylor prescribed conservative treatment, but the employee continued to complain of a worsening condition. Consequently, Dr. Taylor put the employee in the hospital for tests in order to determine if the employee had a ruptured disc. The tests came back negative, indicating that the employee did not have a ruptured disc.
The employee’s condition thereafter improved to the point where Dr. Taylor felt that the employee could return to work. The doctor testified, however, that the employee continued to see him on a regular basis, complaining of frequent, unexpected falls which employee related to his back problem.
According to his testimony, Dr. Taylor could not find a reason for the employee’s frequent episodes of falling. As a result, he referred the employee to a neurosurgeon, Dr. Fernandez.
Dr. Fernandez first saw the employee on March 26, 1982, approximately two years after the work related injury, at which time he admitted the employee to the hospital for tests. The tests indicated to Dr. Fernandez that the employee had some abnormality, which Dr. Fernandez thought might be a ruptured disc. After further examination, Dr. Fernandez operated and found that the employee did have a ruptured disc.
The trial court found that the employee did suffer a back injury on June 20, 1980 while working for the employer, but concluded that the evidence did not support a finding that the employee suffered a ruptured disc on that occasion. The court found further that employee had received all the benefits due him under workmen’s compensation law as a result of the June 20, 1980 injury.
The employee contends on appeal that the trial court made a finding of facts inconsistent with the evidence, and as a result, reached the wrong conclusion of law. We do not agree. -
Additionally, the employee through able counsel points out that the medical evidence was by deposition; therefore, the standard of review regarding such testimony is not the ore tenus standard. With that statement we are in agreement. As mentioned earlier, our review is limited to a determination of whether there is any evidence to support the trial court’s findings. We can *503 consider neither the weight of the evidence nor the propriety of the trial court’s findings. Tidwell Industries, Inc. v. Kennedy, supra.
In the instant case there is evidence to support the trial court’s judgment.
The instant appeal presents, under one view of the evidence, a situation where two doctors, both qualified experts, expressed different opinions as to the employee’s injury-
The first doctor testified that the employee did not have a ruptured disc when he treated the employee for the June 20, 1980 injury. The doctor treated the employee for back strain until the symptoms were relieved and employee could return to work. It was the doctor’s opinion that the employee’s continuing back trouble was due to a possible congenital weak-spot and that subsequent falls after the work related injury merely aggravated an already existing condition.
The evidence tended to show that employee continued to suffer “spells” where he would unaccountably fall down. The employee attributed these spells to his back injury. However, there is evidence indicating that there might be other reasons for these spells.
The second doctor expressed the opinion that the employee suffered from a ruptured disc. He additionally stated that the employee’s symptoms subsequent to the June 20, 1980 injury indicate a ruptured disc. However, he also testified that there is no way of knowing when the employee ruptured his disc.
The second doctor also testified that there was no way to determine whether the employee injured himself between the time of the first test for ruptured disc in July, 1980, and the second test in March, 1982. In fact, the second doctor based his diagnosis on the medical history of the employee that the first doctor compiled.
Testimony was presented from two medical doctors, both qualified to express an opinion. The trial court apparently chose to put more credence in one than the other. See Saxon v. City of Mobile, 421 So.2d 1295 (Ala.Civ.App.1982). Furthermore, in addition to the medical testimony, the trial court had the benefit of the employee’s own testimony.
Keeping in mind the standard of review, it is clear from the above that the trial court did not err in finding that the employee failed to establish a work related injury.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.