The employee sought workmen's compensation for a disability to his back.
The parties entered into the following stipulation in open court:
 "I think we can go ahead and stipulate that the only issue to be tried to the Court is the issue involved of permanent partial or total disability, or just permanent disability be it partial or total. But that's the one issue to be tried to the Court. I think the remaining issues can be stipulated and agreed upon: That he was an employee; That they were covered by the act and notice was given. So for the record, all of that can be stipulated and agreed upon, if my understanding is correct, that would be the single issue."
Additionally, it was agreed that the employee had been previously compensated for five weeks and three days, that the date of the injury was January 13, 1981, and that all of his medical expenses to the trial date of $3,107.27 had been paid. The *Page 341 
employee's average weekly wage also was stipulated.
After an ore tenus contested trial, the circuit court denied compensation to the employee. The trial court was not reasonably satisfied from the evidence that the disability claimed by the employee was a result of the accident suffered while he worked for Berry Industries Company, his employer. The employee appealed and, by most capable counsel, raises three issues. Both sides have provided excellent briefs.
 I.
The employee first contends that the trial court's judgment was contrary to the stipulation of the parties.
Oral or written agreements made in open court by the parties or their attorneys are binding. Rule 49, A.R.A.P.
In Montgomery v. Mardis, 416 So.2d 1042 (Ala.Civ.App. 1982), the trial court had decided that Mardis suffered a temporary total disability. In pertinent part, it was determined on appeal as follows:
 "We note that at trial the parties, by stipulation, apparently attempted to limit the court's determination to the question of whether Mardis was permanently disabled. Mardis, in his cross-appeal, argues this point, alleging that the court could not legally make a finding of temporary disability. We do not agree. Although the parties may enter into an agreement to try their case on any theory they choose, Reese Funeral Home v. Kennedy Electric Co., 370 So.2d 1030 (Ala.Civ.App. 1979), the court is not bound by the parties' agreement as to the law to be applied in the case, or by agreements of fact which are contrary to the facts as disclosed by testimony. Garrett v. Mathews, 474 F. Supp. 594 (N.D.Ala. 1979), aff'd, 625 F.2d 658 (5th Cir. 1980). The extent and type of disability suffered by a workmen's compensation claimant, and the amount of compensation to be awarded in a given situation, are matters for the court to decide. In this case the trial court was free to make a determination of temporary or permanent disability, or lack thereof."
416 So.2d at 1042. Here, the trial court found a lack of any disability which resulted to the employee from the January 1981 accident. That decision was one of the authorized solutions as stated in the Montgomery case.
The terms of the stipulation in this particular case did not require that the trial court award compensation to the employee. There was no admission of liability. In view of the language of the stipulation, the trial court could hold as it did and still be consistent with the stipulation.
Consequently, we find no error as to this issue.
 II.
While working for a subsequent employer, the employee fell a distance of fourteen feet, thereby breaking his left wrist and right arm and giving him a good general shaking up. The employee was a convict in a work release program, when he had his accident in January 1981. There was evidence that he had spondylolisthesis, which was probably a congenital defect to his back but which had not previously bothered him. The employee argues that the trial court erred in its application of the law to the evidence if it considered either his criminal record or his spondylolisthesis in deciding this case.
Obviously, pre-existing conditions do not affect an award of compensation if the on-the-job injury combined with the preexisting condition to produce disability. Allen v. MetroContract Services, Inc., 421 So.2d 1289 (Ala.Civ.App. 1982).
Some of the evidence was so uncertain that it was a matter for the trial court to determine whether or not the employee's pre-existing disease by itself is causing the employee's back problem, or whether his difficulties resulted from a combination of the spondylolisthesis and either the accident which occurred in January 1981 or his later fall while working for a different employer. Thus, if the trial court determined that the *Page 342 
pre-existing condition was the root of the disability and that the accident while working for Berry Industries did not contribute to it, the employee suffered no compensable disability. There was conflicting evidence, and the trial court resolved the issue in that regard in favor of the employer. In short, while it is not contested that the employee presently suffers from a disability, the trial court was authorized by certain aspects of the evidence to find that the impairment of the employee was not the result of the January 1981 accident while he was working for Berry Industries.
There is nothing in the record that indicates that the trial court penalized the employee by denying workmen's compensation to him on account of his criminal record.
 III.
The employee's last issue is that the evidence does not support the judgment.
In addition to his later fall and his pre-existing condition which have been previously discussed, the employee testified that one of his medical specialists told him that he was born with the condition that was causing his pain. At least three physicians admittedly informed the employee that he could resume his work. A specialist testified that tests administered to the employee cast doubt upon the validity of the employee's complaint of pain while he was in a certain position, and that same doctor's final diagnosis was that the employee had low back pain of unknown etiology with complaints of weakness in the lower extremities which has not been objectively documented. A full-fledged myelogram was negative and the employee had no muscle atrophy. Some of the employee's complaints were medically inconsistent with each other.
The cause of the employee's disability was an issue. The payment to him of compensation for five weeks and three days was not an admission of liability. § 25-5-56, Code of Alabama 1975. We are not here concerned with what we would have decided had we collectively tried the case, for the standard of review in workmen's compensation cases is most narrow and is limited to questions of law and to an examination of all of the evidence to determine if there was any legal evidence which supported the findings of the trial court. If the supportive evidence was before the trial court, an appellate court is required to affirm the trial court's workmen's compensation judgment insofar as factual matters are concerned. Neither the weight of the evidence nor the propriety of the trial court's finding of fact may be considered. Garner v. Douglas Beasley Sons Painting, Inc., 432 So.2d 501 (Ala.Civ.App.), cert.denied, 432 So.2d 503 (Ala. 1983); Montgomery v. Mardis, supra.
The Garner case is clear and positive authority that the testimony in the present case upheld the trial court's finding that the employee failed to establish a work-related injury.
This case must be affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.