EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation appeal by an employee. The trial court determined from the evidence that the employee had no permanent disability or loss of earning capacity as a result of his injury. Permanent benefits to him were denied.
The following transpired during the testimony of the witness Whitehead (Hust being the employer’s attorney and Gibson having represented the employee):
“Q. [Hust] Did you notice anything about his attitude before the accident?
“MR. GIBSON: Objection, Your Hon- or, same grounds previously assigned: it relates to character evidence.
“MR. HUST: I don’t believe it relates to character as much as it relates to his emotional status.
“MR. GIBSON: It certainly doesn’t relate to any injury to his back, Your Honor.
“THE COURT: I will overrule. I will admit it, again, and The Court after hearing will decide whether or not to consider it.
“A. [Whitehead] When I first hired Mark, as a matter of fact, I think I came up here to the Courthouse and got Mark. He had me sort of fooled: I thought Mark was a good fellow, but as time went on I found out that he had an attitude problem from way back like you mentioned last week — his parents died when he was real young, and as time went on we would, you know, talk about it. And Mark’s attitude is — He thinks the world owes him something.
“MR. GIBSON: I renew the objection, and move to exclude. That is highly improper testimony; not relevant.
“THE COURT: I will take that under advisement.
“Q. [Hust] Before he was hurt on the job there, did he manifest anything that would tend to show you he had any emotional situation?
“A. [Whitehead] He sure did. Once upon a time we was eating lunch—
“MR. GIBSON: Now, Judge, I am just going to object. This is, I think, highly improper for this man. He is not qualified to talk about anybody’s emotional state other than perhaps his own, and it is highly prejudicial, and we object.
“THE COURT: Well, again, I will make the same ruling. Go ahead.
“A. [Whitehead] Once we was on Greensboro Avenue at Church’s, eating lunch. So Mark say, T have got to run across the street to get some cigarettes.’ So I say, ‘Okay,’ and in about five minutes my other helper say, ‘Look, man. What is going on over there?’
“So two County Police Officers had Mark. So I immediately gets up and goes over, and I say, ‘What is the problem?’ They say, ‘We just want to question the guy.’ And I say, ‘Well, he is on Seelbach and Company’s time.’ They said, ‘Well, stand back; it is no problem.’ So we got that squared away, and about 15 minutes later Mark say, ‘Yeah, they asked me a question and I gave them a smart answer,’ and which I didn’t reply to his statement. But in my mind I say, ‘You caused this: all you had to do was tell the officers what they wanted to know, you know, and go.’ But they had a big ruckus, you know, over nothing.”
The employee contends that the trial court committed error in allowing the above evidence to be admitted into evidence and in considering it in reaching the final judgment. He contends that it was inadmissible character evidence. That same contention was made on the employee’s motion for a new trial which was denied by the trial court. In that order an express finding was made by the trial court that such evidence was not considered by the trial court in arriving at the final judgment.
If there is legal evidence to support the trial court’s findings in a workmen’s compensation case, our appellate courts will not consider issues regarding the trial court’s rulings concerning the admissibility of evidence unless the amount of illegal evidence which was admitted suggests the probability that the trial court’s findings were influenced thereby. Montgomery v. Mardis, 416 So.2d 1042 (Ala.Civ.App.1982).
*89 We do not agree that the questioned evidence constituted character evidence and that it was inadmissible for that reason.
Additionally, regardless of any question concerning its admissibility, it did not exert any influence upon the trial court’s decision. The trial court clearly stated in its order which denied the employee’s motion for a new trial that this evidence and other similar evidence was not considered in deciding the case.
There was a conflict in the testimony as to whether the employee had a permanent partial impairment. Consequently, legal evidence supported the trial court’s holding.
We affirm for the foregoing reasons. Montgomery, supra.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.