[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 226 
This is a workmen's compensation case.
The employee, age 51, worked at different manual labor jobs for M H Valve Company (M H) over the course of 25 years. In February 1989, while working as an assembly line valve builder, the employee ruptured a disk in his back as he attempted to level a valve by hitting it with an iron rod.
The injury led to disk surgery and postoperative treatment for the employee, after which he was released for light-duty work. M H paid the employee temporary total disability compensation for 74 weeks. After the employee reached maximum medical improvement, he was given permission from his doctor to perform light-duty work. The employee was placed back on the same assembly line job, but found that he could no longer perform his duties due to pain in his back.
The employee subsequently filed suit against M H, seeking total and permanent disability benefits for his back injury. The, case was tried ore tenus in April 1991. The trial court entered an order finding that the employee had incurred a 100% disability due to the back injury arising from the course of his employment.
M H filed a motion for judgment notwithstanding the verdict, or in the alternative, a motion for new trial. The court denied these motions and M H appeals.
The standard of appellate review in workmen's compensation cases is two fold. The reviewing court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, the reviewing court must determine whether any reasonable view of the evidence supports the trial court's judgment. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991). The trial court is afforded much discretion in determining an employee's loss of earning capacity and may consider such factors as the age, education, and work history, as well as the effect of the injury on the employee's earning ability. Hayes Int'l Corp.v. Johnson, 563 So.2d 1052 (Ala.Civ.App. 1990).
M H first contends that the employee's disability arises from a pre-existing injury rather than from his work-related back injury.
The record shows that the employee suffered non-work-related injuries to his left knee in 1976 and continued to have problems with the knee thereafter. At trial, M H introduced into evidence a letter written by the employee's doctor after surgery for the work-related back injury. The letter stated that the employee had reached maximum medical recovery from back injury but could not yet return to work due to problems arising from the recurring knee injury. From this evidence, M H concludes that the employee's disability arises from his knee injury and not from his work-related back injury.
The record does not show that the knee injury ever impaired the employee's ability to perform his job prior to the time of his back injury. An employee who is able to perform his work duties in a normal manner prior to the time of the work-related disabling injury has no pre-existing condition for workmen's compensation purposes. Speegle v. Dobbs Bros.,545 So.2d 777 (Ala.Civ.App. 1989). Moreover, the trial court's order does not indicate that evidence concerning the knee injury was considered in the court's assessment of disability. We therefore find no merit in M H's argument on this point.
M H next argues that the employee has suffered only a minor percentage of bodily impairment due to his back injury and thus cannot be found permanently and totally disabled.
The percentage of bodily impairment suffered by an employee is not the basis for compensation; rather, it is the employee's loss of ability to earn which *Page 227 
must be considered. Wilde v. Taco Bell Corp.,531 So.2d 918 (Ala.Civ.App. 1988). Moreover, "total disability" is not absolute physical disability; it is the inability to perform the work of one's trade or the inability to obtain reasonably gainful employment. City of Muscle Shoals v.Davis, 406 So.2d 919 (Ala.Civ.App.), cert.denied, 406 So.2d 923 (Ala. 1981). In determining the degree of an employee's disability, the trial court should consider all the evidence, including its own observations and its own best judgment. Edgewood Serv. Ctr. v. Hogan,440 So.2d 1076 (Ala.Civ.App. 1983). The court is not bound by the testimony of expert witnesses and may assign percentages of disability without such testimony. Edgewood.
The employee's doctors have testified that the employee has a 9% disability to the body as a whole. According to medical testimony, the employee is physiologically older than his actual 51 years and is not capable of returning to his former job as a heavy laborer. One doctor opined that the employee's injury would cause chronic back pain that would probably worsen over time and would be exacerbated by any further surgery.
The employee testified at trial that he continues to have considerable back pain and has sought a second opinion from an orthopedic surgeon. The surgeon testified at trial that the employee must take two different prescribed medicines each day to reduce the continuing pain from the injury.
The employee testified that he has worked as a manual laborer all of his life. He was promoted to the eighth grade, but did not progress further in school. He can sign his name but cannot read a newspaper. The employee stated that he had worked at several different jobs for M H over the years but can no longer perform any of these jobs. At trial, a vocational expert assigned the employee an 81% disability based on his limited education, age, and availability of employment.
The trial court specifically based its assessment of disability on the employee's background, education, and work experience, as well as his age and the likelihood that his back condition will worsen. In the court's judgment, the employee's prospects for meaningful rehabilitation were virtually nonexistent. We hold that the court's findings are supported by legal evidence and that a reasonable view of this evidence supports the court's judgment.
M H next argues that the trial court's judgment is based on improperly admitted evidence and thus must be reversed.
At trial, the employee admitted into evidence an application he filed to obtain benefits from a disability pension plan offered through M H. The application included medical opinions which did not appear in the depositions that were taken in preparation for the workmen's compensation suit. The employee's doctor did not later amend his deposition to include these opinions, nor did M H obtain the information in the course of discovery. M H argues that the medical testimony contained in the application was hearsay and was without foundation. M H claims that the trial court's judgment was based on this improper evidence and thus must be reversed.
If there is legal evidence to support the trial court's findings in a workmen's compensation case, the reviewing court will consider issues regarding the trial court's rulings on the admissibility of evidence at trial only if the amount of illegal evidence which was admitted suggests the probability that the trial court's findings were influenced thereby.Prewitt v. Seelbach Tree Co., 540 So.2d 87
(Ala.Civ.App. 1989).
In this case, the trial court heard considerable evidence from the employee and from experts at trial. This evidence supports the trial court's findings, independent of the facts contained in the employee's application for disability benefits. Accordingly, it is not necessary that we consider whether the application was properly entered into evidence. The trial court's admission of the disability plan application does not warrant a reversal of its judgment.
Finally, M H argues that the trial court's order was not sufficiently detailed *Page 228 
and thus it cannot be determined whether the court relied upon legal evidence to support its findings.
M H correctly states that it is the duty of the trial court to make sufficiently detailed findings of fact so that the reviewing court can determine whether the judgment or award is supported by the legal evidence presented. Agan v. UnionFoundry Co., 404 So.2d 71 (Ala.Civ.App. 1981). However, if the court's findings are meager or omissive, the reviewing court may refer to the record to determine whether the judgment should be upheld. Harbison Walker Refractories v.McKaig, 567 So.2d 324 (Ala.Civ.App. 1990). In this case, we find that the trial court's order contains sufficient detail to indicate that its findings are based upon the legal evidence presented. Moreover, the evidence contained in the record supports the court's judgment. We find no reversible error here.
There being no further issues, the trial court's judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.