CRAWLEY, Judge.
Dot Bowers (the “worker”) was injured on August 24, 1993, when she fell on her way out of a storage building on the premises of her employer, Cotton Bayou Condominiums (the “company”). The worker was carrying patio furniture she had been instructed to bleach. She sprained her foot, her shoulder, and her wrist in the fall.
After notifying the president of the condo: minium association of her fall, the worker had her husband transport her to South Baldwin Hospital for treatment. She was seen by Dr. Barton Mitchell in the' emergency room. She saw no other doctor until November 1993, when she sought treatment for the continued pain from her injuries.
In January 1995, the worker sued for workers’ compensation benefits. The parties appeared at trial on November 21, 1995. The only testimony presented at trial was that of the worker.[1] The company’s counsel, before testimony began, entered the following stipulations on the record:
“MR. GREEN: We’re willing to stipulate the date of injury was 8-24-93; that the employer-employee relationship existed at that time between Mrs. Bowers and the Cotton Bayou Condominium....
“It occurred within the line and scope of her duties as resident manager.
“... [H]er salary was continued during the tenure of her employment with Cotton Bayou [and] ... she was continued on her regular salary.
[[Image here]]
“MR. GREEN: Mrs. Bowers and her husband were the resident managers and they jointly worked there as the resident managers.... ”
The trial court entered a judgment for the company on January 29, 1996; however, its judgment failed to comply with Ala. Code 1975, § 25-5-88, because it contained no findings of fact or conclusions of law. Upon the worker’s motion for a new trial, the trial court corrected its error and entered a second judgment for the company;' that second judgment complied with the statute. The worker appeals.
The review of this case is. governed by the new Workers’ Compensation Act, which states, in pertinent part: “In reviewing pure *168 findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala. Code 1975, § 25 — 5—81(e)(2). Therefore, this court “will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds, Ex parte Trinity Industries, Inc., 680 So.2d 262, 269 (Ala.1996). Further, the trial court’s finding of fact is supported by substantial evidence if it is “supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity, 680 So.2d at 268-69 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989), and citing § 12-21-12(d)). Our review of legal issues is without a presumption of correctness. Ala.Code 1975, § 25-5-81(e)(1); see also Ex parte Trinity, 680 So.2d at 268.
In its judgment, the trial court finds that the worker failed to meet her burden as a plaintiff and failed to prove both that she was an employee of the company and that the accident occurred in the line and scope of her employment. These findings directly contradict the stipulations at trial. In fact, Mrs. Bowers had no burden of proof, given the stipulations, because a plaintiff does not have the burden of proving facts stipulated to at trial. See Kurn v. Counts, 247 Ala. 129, 134, 22 So.2d 725, 729 (1945).
The company asserts that a trial court is not bound by the stipulations of the parties and may disregard a stipulation if it is not supported by the facts established at trial. See Wilson v. Berry Industries Co., 451 So.2d 339, 341 (Ala.Civ.App.1984)(quoting Montgomery v. Mardis, 416 So.2d 1042 (Ala.Civ.App.1982)). In Wilson the parties had stipulated that the issue to be addressed was whether the employee was partially or totally disabled. Wilson, 451 So.2d at 340. In addition, the stipulation indicated that the worker was an employee, that notice was given, and that the company was covered by the act. Id. The trial court denied benefits, however, finding that the employee had failed to prove that his disability was a result of the on-the-job accident. Id. at 341. This court affirmed, noting that “[t]he terms of the stipulation ... did not require that the trial court award compensation_ In view of the language of the stipulation, the trial court could hold as it did and still be consistent with the stipulation.” Id.
This case differs from Wilson in that here the parties did not attempt to limit the issue to be addressed by the trial court and then inadvertently fail to stipulate to a particular issue. The company in this case stipulated to the employer-employee relationship and stipulated that the accident occurred in the line and scope of employment. The trial court’s findings on these matters are inconsistent with the stipulations and, in light of those stipulations, are not supported by substantial evidence.
The trial court apparently believed that certain payroll records and tax documents introduced by the company outweighed the stipulations. Those documents certainly indicate that the payroll records were not well-kept and that the salary paid to the worker and her husband was reported under his Social Security number. However, the mere fact that the salary paid to the worker and her husband, as joint resident managers, was reported to the IRS and the State Department of Industrial Relations only as income to Mr. Bowers is not substantial evidence that the worker was a volunteer and not an employee in light of the stipulations and the testimony of the worker.
On the company’s payroll records, under the section marked “employee name,” the names “Bowers, William and Dot” appear. The worker testified that she entered only one Social Security number, her husband’s, in part because the payroll program allowed her to enter only one and also because they “file [taxes jointly] anyway.” In fact, the company’s own exhibit, the termination letter, which stated “the Board ... voted to terminate our employment relationship with you and your wife,” indicates strongly that the company considered the worker its employee.
The trial court also found that the worker did not prove her average weekly *169 wage. At trial, the worker testified that she and her husband were paid $1,000 every two weeks and that her average weekly wage was $317. No one else testified at the trial to refute that testimony. As we have stated, the mere fact that the payroll records and tax documents reflect that all income was earned by Mr. Bowers is insufficient to overcome the worker’s testimony and the stipulation that an employer-employee relationship existed between the worker and the company.
Accordingly, the trial court’s judgment for the company is reversed and the cause is remanded for entry of a judgment based upon the stipulations that the employer-employee relationship existed and that the accident occurred in the line and scope of employment. In addition, that judgment is to adjudicate all other issues, and it should be based upon the evidence already presented at trial.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.

. The trial court’s judgment indicates that both the worker and her husband testified at trial. ' The record does not support this "finding.’’