MOORE, Judge,
dissenting.
I respectfully dissent.
At the outset of the trial, Stericycle, Inc. (“the employer”), through its attorney, stipulated in open court that Sonja Patterson (“the employee”) “alleged to receive an injury to her back that arose out of and in the course of her employment with the [employer]” on January 19, 2011, and that “the only issue to be decided by the [Jefferson Circuit Court] in this matter is the nature and extent of permanent disability benefits, if any, owed to the [employee].”
In Wilson v. Berry Industries Co., 451 So.2d 339 (Ala.Civ.App.1984), the parties stipulated that the only issue to be decided involved the extent of permanent disability with any “remaining issues” to be “stipulated and agreed upon.” 451 So.2d at 340. In its judgment, the trial court in Wilson declined to award the employee any compensation, concluding that he had failed to present sufficient evidence indicating that his injury had resulted from his alleged accident. The employee appealed, arguing that the finding contradicted the stipulation of the parties. This court disagreed, stating:
“In Montgomery v. Mardis, 416 So.2d 1042 (Ala.Civ.App.1982), the trial court had decided that Mardis suffered a temporary total disability. In pertinent part, it was determined on appeal as follows:
“ ‘We note that at trial the parties, by stipulation, apparently attempted to limit the court’s determination to the question of whether Mardis was permanently disabled. Mardis, in his cross-appeal, argues this point, alleging that the court could not legally make a finding of temporary disability. We do not agree. Although the parties may enter into an agreement to try their case on any theory they choose, Reese Funeral Home v. Kennedy Electric Co., 370 So.2d 1030 (Ala.Civ.App.1979), the court is not bound by the parties’ agreement as to the law.to be applied in the case, or by agreements of fact which are contrary to the facts as disclosed by testimony. Garrett v. Mathews, 474 F.Supp. 594 (N.D.Ala.1979), aff'd, 625 F.2d 658 (5th Cir.1980). The extent and type of disability suffered by a workmen’s compensation claimant, and the amount of compensation to be awarded in a given situation, are matters for the court to decide. In this case the trial court was free to make a determination of temporary or permanent disability, or lack thereof.’
“416 So.2d at 1042. Here, the trial court found a lack of any disability which resulted to the employee from the January 1981 accident. That decision was one of the authorized solutions as stated in the Montgomery ease.”
451 So.2d at 341.
In the present case, it is apparent from the wording of the parties’ stipulation, *1182 quoted above, that the employer, like the defendant in Wilson, supra, did not admit that the employee had sustained any permanent injury or disability as a result of the January 19, 2011, accident. Therefore, according to Wilson, supra, in which the parties entered into essentially the same stipulation, the issue of medical causation, i.e., the causal link between the January 19, 2011, accident and the injury and disability claimed, remained extant.[1] In its posttrial brief submitted to the trial court, the employer specifically argued that the employee had failed to prove that the January 19, 2011, accident had medically caused any of the symptoms that she claimed prevented her from working,[2] further notifying the trial court of its need to resolve that issue in its final judgment. Notably, the employee did not dispute that contention in any brief she filed with the trial court.
In its final judgment, the trial court concluded that the parties had stipulated that
“the date of the injury made the basis of [the employee’s] claim was on January 19, 2011, and that the alleged injury was the result of an accident arising out of and in the course of [the employee’s] employment with [the employer].”
A fair reading of the parties’ stipulation shows that they did not agree that “the alleged injury was the result of’ the January 19, 2011, accident.[3] They merely agreed that the employee based her claim on an alleged work-related back injury occurring on that date. Read in isolation, therefore, that part of the judgment appears to be erroneous.
However,
“[¡Judgments are to be construed like other written instruments. The rules applicable to the construction and interpretation of judgments are those applicable to the construction and interpretation of contracts. Hanson v. Hearn, 521 So.2d 953 (Ala.1988). Separate provisions of judgments, like provisions of *1183 contracts, should be construed in pari materia, and the entire judgment — all provisions considered — should be read as a whole in the light of all the circumstances, as well as of the conduct of the parties. Id.”
Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App.1991). Thus, in construing the meaning of the trial court’s statements in its judgment regarding the parties’ stipulations, we must consider the remainder of its judgment in light of the circumstances, as well as the conduct of the parties.
Following the paragraphs regarding the stipulations of the parties, which are contained on pages 1 and 2 of the trial court’s judgment, the trial court, in the next 6 pages, recites the evidence regarding the nature of the employee’s back condition and the medical diagnoses and treatments she obtained following her January 19, 2011, accident. The trial court then makes the following findings of fact and conclusions of law:
“The Court hereby finds that [the employee] suffered an acute injury to her back ... in an accident arising out of and in the course of her performance of her employment. As such, Ala.Code § 25-5-81(e) (1975) provides that [the employee] is entitle[d] to benefits upon establishing by a preponderance of substantial evidence, proof of her claim....
[[Image here]]
“Under the stipulations of fact by which this claim has been submitted to the Court, the issue to be decided is whether or not the evidence warrants a finding of permanent total disability, some degree of permanent partial disability, or no permanent disability at all.
“[The employer] has argued that in light of the opinions rendered by the authorized treating physicians that [the employee] suffers from no degree of physical impairment based on objective diagnostic testing and therapeutic treatment that a finding of no entitlement to benefits is warranted in this case.
“[The employee], on the other hand argues that her subjective complaints of pain, caused by an injury to her lower back, warrants a finding of permanent disability.
“The evidence before the Court is of a 44 year old female with no prior history of health problems or back ailments who suffered a back injury while pushing a heavy load on an incline during the course of performing the duties of her employment with [the employer]. The MRI and myelogram conducted by the authorized treating physicians noted that [the. employee] has an ánnular bulge in her discs located at the L3-4 and L4-5 levels of the lumbar spine. The MRI specifically showed a broad based disc bulge and midline annular tear at both the L3-4 and L4-5 levels of the lumbar spine.

“The Court finds these results to be substantial evidence of the type and nature of an injury that was caused by the type of accident described in this case. The medical records indicate that these physical findings are consistent with the history contained in the records of [the employee] having suffered an on the job injury.”

(Emphasis added.) In those findings and conclusions, the trial court expressly determines that the employee sustained an acute injury to her back resulting in two annular tears and two lumbar disk bulges.[4] *1184 The trial court then concludes that the employee sustained a painful condition from those injuries that resulted in a permanent partial disability.
The main opinion describes the foregoing findings relative to the nature of the injury sustained by the employee to be nothing more than “a superfluous observation.” 161 So.3d at 1177. I disagree. The voluminous findings written over 10 pages of the judgment indicate that the trial court understood that the parties’ stipulation did not encompass any agreement as to the nature of the injury and disability resulting from the January 19, 2011, accident. Those detailed findings, constituting the vast majority of the trial court’s determination, indicate that the trial court interpreted the parties’ stipulation in such a manner that it was still required to determine the type of back injury resulting from the January 19, 2011, accident, as well as its lasting disabling effects.
Like with contracts, the terms of a judgment “should be construed in pan materia and a construction adopted that gives effect to all terms used.” Sullivan, Long & Hagerty v. Southern Elec. Generating Co., 667 So.2d 722, 725 (Ala.1995). When construing a document, this court must presume “ ‘ “that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.” ’ ” Ex parte Uniroyal Tire Co., 779 So.2d 227, 236 (Ala.2000) (quoting Sheffield v. State, 708 So.2d 899, 900 (Ala.Crim.App.1997)). By concluding that the stipulation obviated entirely the issue of medical causation, the judges joining in the main opinion violate those rules of construction by rendering the trial court’s findings as to the nature of the injury the employee received and the resulting physical disability from that injury totally meaningless and not essential to its ultimate determination of a 57% permanent partial disability and the award of compensation.
Furthermore, like the trial court, the parties have not treated the stipulation as an admission that the January 19, 2011, accident medically caused the employee the permanent injuries and permanent disability found by the trial court. In response to the employer’s argument on appeal that the evidence does not sustain the findings of the trial court as to medical causation, the employee does not even mention the stipulations in her brief to this court,[5] much less maintain that the issue of medical causation was settled by agreement before or at the outset of the trial.[6] *1185 The employee apparently recognizes that the stipulations were not intended to, and did not, resolve the question as to the nature of the injury and disability caused by the January 19, 2011, accident, which issues were actually litigated and determined by the trial court. Considering those circumstances, and the parties’ conduct both during and after the trial and the entry of the judgment, as well as the language used in light of the Wilson opinion, the stipulations should not be interpreted as eliminating the issue of medical causation and preventing appellate review of the sufficiency of the evidence on that point.[7]
“To establish medical causation, the [employee] must show that the accident was, in fact, a contributing cause of the employee’s [injury]. It is not necessary that the employment-related injury be the sole cause, or the dominant cause, of the [injury], so long as it was a contributing cause. If the employee suffers from a latent preexisting condition that inevitably will produce injury or death, but the employment acts on the preexisting condition to hasten the appearance of symptoms or accelerate its injurious consequences, the employment will be considered the medical cause of the resulting injury.”
Associated Grocers of the South, Inc. v. Goodwin, 965 So.2d 1102, 1110 (Ala.Civ.App.2007) (citations omitted).
The findings of fact entered as part of the judgment made by the trial court indicate that the trial court determined that the strain from the January 19, 2011, accident caused the employee “a broad based disc bulge and midline annular tear at both the L-B and L-4 levels of the lumbar spine” because those “physical findings are consistent with the history contained in the records of [the employee] having suffered an on the job injury.” However, as the employer argues, no medical expert opined in testimony or in documents that the January 19, 2011, accident, caused those injuries. The medical records all indicate that those conditions were degenerative in nature. Moreover, no medical expert opined that the January 19, 2011, accident had aggravated those underlying conditions so as to cause the disabling symptoms of which the employee complained.
*1186 In Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989), the supreme court stated: “As the finder of facts, ... the trial court is authorized to draw any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts.” Id. at 1062 (emphasis added; citing Warrior Stone & Contracting Co. v. De Foor, 241 Ala. 227, 229, 2 So.2d 430, 430 (1941) (stating that “[e]xpert opinions of witnesses are not conclusive on the triers of the fact, though uncontroverted, but the same may be disregarded unless it is a matter for experts only and the tners of fact cannot be assumed to have or be able to form a correct opinion concerning such matter” (emphasis added))). In this case, by finding that the employee sustained annular tears and disk bulges from pushing a heavy load up an incline, the trial court invaded the province of medical experts because the “type and nature” of lumbar-spine injuries that can be caused by pushing a heavy load up an incline, and whether the employee’s injuries actually fit within that category; are within their peculiar knowledge. See Lambert v. Lisanti Foods, Inc., 624 So.2d 625 (Ala.Civ.App.1993) (absent expert testimony, trial court properly denied benefits to worker who claimed that repetitive unloading of truck caused back problems).
Because the trial court based all of its subsequent disability findings on its determination that the January 19, 2011, accident caused the employee’s lumbar abnormalities, and because that factual determination is unsupported by substantial evidence, see Ala.Code 1975, § 25-5-81(e)(2), the judgment of the trial court is’ due to be reversed.[8]

. I do not agree that Wilson holds that a circuit court may interpret a stipulation that the only issue to be decided is the extent of permanent disability as either obviating or preserving the issue of medical causation, depending on its own inclinations, and that this court is bound by the circuit court's interpretation, as the main opinion suggests. 161 So.3d at 1176. Wilson holds only that such a stipulation does not eliminate the issue of medical causation, so that the circuit court must still decide the nature and extent of disability resulting from an injury received in a work-related accident.

. In workers’ compensation disability cases, medical causation consists of two separate inquiries. First, the trial court must decide whether the work-related accident caused a personal injury to the worker. Second, the trial court must assess the physical disability resulting from that injury. See 1 Terry A. Moore, Alabama Workers' Compensation § 7:3 at p. 189-90 (1998). In this case, the trial court addressed both aspects by finding (a) that the employee had injured two lumbar disks as a result of her January 19, 2011, work-related accident; and (b) that the employee had suffered pain and physical limitations due to those injuries. The employer maintains that the employee did not present sufficient evidence to support the trial court's findings that the work-related accident had caused the injuries that resulted in the pain and limitations found by the trial court.

.In her complaint, the employee alleged that she had "received an injury to her back and other various parts of the body which causing [sic] total disability for a period of time and necessitating [sic] [medical] treatment in an effort to cure the injuries. These injuries also have caused anxiety, depression, and mental or emotional injury.” The parties did not stipulate as to the nature of the back injury the employee received, did not stipulate that the employee had injured other parts of her body, and did not stipulate that the employee's physical injuries had caused the mental injuries alleged in the complaint. At trial, the employee based her claim exclusively on an alleged back injury.

. The main opinion asserts that the trial court's "oblique reference to causation .... hardly constitutes a straightforward, conclusive finding that [the employee's] work exertion on January 19, 2011, actually caused two bulging disks and two annular tears in her *1184 lumbar spine.” 161 So.3d at 1177. The reference to medical causation is not “oblique.” The trial court finds, unequivocally, that the act of pushing the load up the incline caused the employee’s annular tears and disk bulges. No other reasonable construction of the judgment can be indulged.

. The employee notes only that the parties stipulated to the admission of medical evidence into the record. The argument that the parties stipulated to medical causation is asserted for the first time on appeal in the main opinion without the benefit of briefing by either party. I understand that this court can affirm a judgment on legal grounds not asserted by the trial court or the parties, but I do not believe that rule applies in these circumstances, in which the court's members dispute the intent and meaning of the trial court's judgment.

. Both parties apparently understand that the judgment addresses the issue of medical causation because both parties address the substantive issue as to whether the evidence supports the pertinent findings. In her brief to this court, the employee takes the position that she presented sufficient evidence in the form of medical records to support her claim. She does not argue that she failed to present further evidence of medical causation in the form of deposition testimony of medical experts because she relied on some stipulation *1185 that medical causation would not be in issue, as the main opinion suggests. 161 So.3d at 1174.

. The employer does not specifically argue that the trial court misinterpreted its stipulations, but only because the employer (as well as the employee) reads the judgment in its entirety as I do, as actually addressing medical causation and making findings of fact on that issue, not as a determination that the issue can be avoided based on the stipulations of the parties. The employer instead directs its argument to the sufficiency of the evidence to support the findings actually made by the trial court. Pursuant to Rule 52(b), Ala. R. Civ. P. ("When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial.”), the employer did not have to file a postjudgment motion in order to preserve its argument that the evidence did not support the trial court’s me'dical-causation findings. Therefore, the employer would not be, as the main opinion states, “rewarded for failing to raise the issue,” 161 So.3d at 1177, if this court actually addressed its argument on appeal.
Moreover, I see no need to denigrate employer's counsel for any alleged "oversight” or "failure to appreciate the legal import” of the trial court's statements regarding the parties’ stipulations, 161 So.3d at 1177, given the context in which those statements were made and in light of the remainder of the judgment, which does, in fact, address medical causation.

. Because I believe the judgment should be reversed on those grounds, I do not address the remainder of the arguments presented by the employer except to state that the facts of this case almost exactly mirror those in Ex parte Southern Energy Homes, Inc., 873 So.2d 1116 (Ala.2003), in which our supreme court concluded that a finding of permanent total disability could not be sustained when all of the treating physicians found no objective reason for the employee's subjective complaints of pain, which the physicians attributed to malingering or symptom magnification, and all of the physicians returned the employee to work with no permanent-impairment rating and no restrictions. I find that the attempt in the main opinion to distinguish Ex parte Southern Energy Homes, Inc., on the ground that the trial court in this case expressly found the employee's subjective complaints to be credible to be unpersuasive. The trial court in Ex parte Southern Energy Homes, Inc., at least impliedly made the same credibility determination or it would not have rejected the medical experts' opinions in order to find that the employee in that case had a permanent total disability.