THOMPSON, Presiding Judge.
The Montgomery County Department of Human Resources (“DHR”) petitions this court for a writ of mandamus directing the Montgomery Juvenile Court to enter an order adjudicating T.J. (“the child”) dependent. DHR also asks this court to direct the juvenile court to vacate its order stating that it would not sign an order declaring the child dependent until “any and all reasons supporting a finding of dependency are specifically set out in writing and supported by the evidence.”
The materials that DHR and the juvenile-court judge have submitted in support of and in opposition to DHR’s petition indicate that on February 12, 2015, DHR filed a petition alleging that the child was dependent and asking that temporary legal custody of the child be awarded to DHR. A fire had occurred at the child’s house; two of the child’s siblings were killed and the child suffered severe burns in the fire. After an expedited hearing on February 20, 2015, the juvenile court entered an order stating, among other things, that there was no finding that the child’s parents or other family members had been abusive or neglectful toward the child. However, the juvenile court found, there was no family member who could provide the “medically fragile” child with the in-home medical treatment she needed as a result of the injuries she had received in the fire; therefore, the child was placed in DHR’s custody. Specifically, the child was placed in a therapeutic foster home.
On September 15, 2015, the child’s mother, J.B. (“the mother”), filed a petition seeking to regain custody of the child. On December 23, 2015, the child’s maternal grandmother, H.B. (“the maternal grandmother”), filed a dependency petition in which she sought custody of the child. Subsequently, on March 3, 2016, the child’s father, Tym.J. (“the father”), filed a petition in which he, too, sought custody of the child. The hearing on the petitions was held over several days from November 2015 until April 15, 2016.
According to affidavits filed by two attorneys for DHR,. David Smith and Samantha Naramore, in support of the petition for a writ of mandamus, on April 15, 2016, the juvenile-court judge called the attorneys into the courtroom before the hearing and asked them whether an agreement had been reached in this case. When the attorneys stated that there was no agreement, the juvenile-court judge advised the attorneys that, based on the evidence thus far presented, “she was inclined to find the child dependent.” The parties were directed to try again to reach an agreement. The attorneys’ affidavits indicate that, based on the juvenile-court judge’s statement regarding her inclination to find the child dependent, the parties reached an agreement with regard to all of the petitions involved in this matter. The parties then notified the juvenile-court judge of the agreement.
On April 15, 2016, the juvenile court rendered an order stating that the parties had announced that “each petitioner will stipulate that [the] child is dependent and *572 asked that dispositional [hearing] be set at a later time to allow further investigation” into the mother’s ability to meet the child’s medical needs and to investigate the maternal grandmother’s home. The April 15, 2016, order directed Smith to prepare a proposed order to be circulated to all counsel.
No additional hearings were held. However, on April 20, 2016, the juvenile court rendered an order stating that the parties had announced that an agreement had been reached but noting that “the specific terms of the agreement were not presented to the court. Court will not sign order declaring child dependent until any and all reasons supporting a finding of dependency are specifically set out in writing and supported by the evidence.”
The case-action summaries for each of the petitions in the juvenile court indicate that the orders of April 15 and April 20, 2016, were not entered in the State Judicial Information System, known as “SJIS,” until May 13, 2016. We note that Rule 58(c), Ala. R. Civ. P., requires that an action of the court be entered in SJIS to be “entered” as an order or judgment. See Rule 58(c) (“Upon rendition of an order or a judgment ..., the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed ‘entered’ ... as of the actual date of the input of the order or judgment into [SJIS].”). The case-action summaries also indicate that the two April orders were not sent electronically to the parties until May 13, 2016. By that time, DHR had submitted a proposed order regarding each petition stating that, “[b]ased on the stipulations and the agreement presented by the parties,” the child was dependent and that it was in her best interest that temporary legal custody remain with DHR. The proposed order further stated that DHR had made reasonable efforts to finalize the permanency plan for the child and directed the juvenile-court clerk to set the matter for a dispositional hearing.
On May 12, 2016, the day before the juvenile court’s orders were entered and distributed to the parties, DHR filed a motion asking the juvenile court to enter an order adjudicating the child dependent. On May 18, 2016, five days after the juvenile court’s orders rendered on April 15 and April 20, 2016, were entered, DHR filed a motion to stay enforcement of the “April 20, 2016,” order in which the juvenile-court judge stated that she would not sign a dependency order unless the court was provided with written reasons specifying why the child was dependent. That same day, DHR also filed its mandamus petition with this court. This court called for a response to the petition, and the juvenile-court judge timely complied with the request.
In its petition, DHR contends that, because all the parties involved in this action stipulated to the dependency of the child, the juvenile court has erred or abused its discretion by refusing to enter an order adjudicating the child dependent. In response to DHR’s argument, the juvenile-court judge counters that the attorneys for the parties “rendered the ultimate conclusion, which is the legal duty of the trial court to determine based either on findings of fact or a stipulation of facts by or among the parties and/or counsel.” The juvenile-court judge states that she anticipated that the proposed order submitted by DHR’s attorney
“would include facts to support a finding of dependency and so required the same in [the] order dated April 20, 2016. The [juvenile] court was then and now believes that this is mandatory, as a child cannot be declared dependent without clear and convincing evidence in support of the legal conclusion of dependency.”
*573 This court has previously considered the argument put forth by the juvenile-court judge. In K.D. v. Jefferson County Department of Human Resources, 88 So.3d 893, 896 (Ala.Civ.App.2012), a case involving the dependency of a child, we wrote:
“Ordinarily, a juvenile court cannot find a child dependent without receiving clear and convincing evidence establishing the dependency of the child. See Ala.Code 1975, § 12-15-310(b). However, nothing in the law prevents parties from stipulating to the dependency of a child. ‘A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof.’ Spradley v. State, 414 So.2d 170, 172 (Ala.Crim.App.1982). Therefore, when parties stipulate to the dependency of a child, a juvenile court may find a child dependent without clear and convincing evidence establishing the child’s dependency.”
In this case, upon the stipulation of dependency, DHR was not required to present additional evidence to the juvenile court regarding its assertion that the child was still dependent. This court’s research reveals no authority requiring parties to establish or to submit in writing the facts upon which a stipulation of dependency is based. The juvenile-court judge is mistaken that such a submission is “mandatory.” Moreover, we note that the juvenile-court judge had heard evidence in support of the parties’ respective positions over the four days the hearing was held in this matter. Therefore, the juvenile-court judge is already aware of the factual assertions she directed to be included in the proposed order. Accordingly, we conclude that the juvenile-court judge has exceeded her authority by refusing to enter an order on the issue of dependency based solely on her belief that the parties cannot enter a stipulation of dependency without also stipulating to facts demonstrating the child’s dependency. Thus, that portion of DHR’s petition seeking to have the order rendered on April 20, 2016, set aside is granted. The juvenile court is directed to vacate the order rendered on April 20, 2016, in which it refused to enter an order unless and until it is provided with written reasons specifying why the child is dependent.
In reaching this conclusion, we are not holding that the juvenile court must ignore the evidence presented during the hearing before the parties reached their settlement. If the juvenile-court judge is of the opinion that the evidence already presented indicates that the child is not dependent, she may reject the parties’ stipulation. See Montgomery v. Mardis, 416 So.2d 1042, 1043 (Ala.Civ.App.1982) (holding that a trial court is not bound by agreements of fact that are contrary to the facts as disclosed by testimony). Thus, to the extent that DHR asks this court to direct the juvenile court to enter an order finding the child dependent, the petition is denied.
That being said, however, we note that the juvenile-court judge has a duty to “dispose promptly of the business of the court.” Canon 3.A.(5), Canons of Judicial Ethics. We urge the juvenile court, in all haste, to enter an order on the issue of the child’s dependency or to set the matter for a further hearing so that this action may be resolved as soon as possible. DHR’s motion to stay enforcement of the order rendered on April 20, 2016, is denied as moot.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.